## GRIFFIN v. GANAWAY.

1. In an action against a sheriff for failing to levy an attachment upon a sufficiency of property to satisfy the judgment rendered thereon, the measure of damages is the injury sustained by the sheriff's failure to make the proper levy. The value of the property levied on in such case, should be equal to the amount of the debt sought to be recovered, making a proper allowance for depreciation in price, the effect of a forced sale, as also costs and other incidental charges: and evidence of the sum at which the property was sold under the execution, should perhaps be considered more satisfactory as to its value than the opinions of witnesses.

Writ of Error to the County Court of Talladega.

THIS was an action on the case, at the suit of the defendant in error, to recover damages of the plaintiff, for the failure to levy an attachment placed in his hands, as sheriff, on the 27th of October, 1841, in favor of the former, against the estate of Shelton Kennerly, on a sufficiency of property to satisfy the same. [See this case when previously here, reported in 6 Ala. Rep. 148.] The cause was tried on the general issue, and other pleas, a verdict was returned in favor of the plaintiff for $92 30, and judgment rendered accordingly.

On the trial, the defendant excepted to the ruling of the Court. It was shown by the attachment and by other proof, that it was levied on a horse, as the property of the defendant in attachment, which was proved by one witness to be worth seventy-five dollars, at the time of the levy, and by another to be worth one hundred dollars. The attachment was for $86 07 1-2, issued about three months previous to the trial term of the cause to which it was ancillary, and at which the judgment was obtained. Soon

after the rendition of the judgment, a *venditioni exponas* issued, under which the horse that had been levied on was sold for the sum of forty dollars; of that sum the plaintiff received but ten dollars, the residue being appropriated to the payment of the costs.

Upon these facts, the Court charged the jury, that in estimating the value of the horse levied on, they could look to the price at which he was sold, as well as the other evidence; and that the evidence of the witnesses as to the value was not conclusive. The defendant's counsel then prayed the Court to charge the jury —1. If the defendant was guilty of the neglect charged in the declaration, the measure of the damages was not the difference between the ten dollars which the plaintiff received from the sale of the horse, and the plaintiff's demand sought to be recovered. 2. That the defendant could not be made liable for more than the difference between the value of the horse at the time of the levy, and the amount for which he was required to attach Kennerly's estate. These several charges were refused.

S. F. RICE, for the plaintiff in error, insisted that the first charge was erroneous, because the inquiry was not as to the value of the horse some three or four months after the levy, (and perhaps longer,) when he was sold; and because it makes the sheriff an insurer, that the value of the horse would not depreciate between the levy and sale. The charges refused were obviously proper, and should have been given.

L. E. PARSONS, for the defendant. The witness who testified to the value of the horse did not speak in reference to a *public sale for cash*, although the law requires the sheriff thus to dispose of property levied on by him. It was proper for the jury to look at all the facts in coming to a conclusion on this point.

The first charge prayed is a mere negative, without furnishing any rule for ascertaining the damages, and should not have been given. The second was properly refused, because there was no proof of the value of the horse at a *public sale for cash*. The witnesses doubtless had reference to sales made upon negotiations in the ordinary way, between seller and purchaser.

COLLIER, C. J.—The true measure of damages in this case

is, the injury which the plaintiff sustained by the neglect of the defendant to levy the attachment on a sufficiency of property to satisfy the judgment consequent thereupon. It is fairly inferrible from the evidence, that the horse levied on would not, at a forced sale, have sold for a sum equal to that for which the action was brought, to say nothing of the expense of keeping such property before it is replevied, and other costs. If as much of the estate of the defendant in attachment, making a proper allowance for depreciation in price, costs and incidental charges, was levied on, as was necessary to satisfy these, together with the debt, then perhaps, the sheriff would be discharged, if from causes beyond his control, it should be lost, or become valueless.

The evidence of the defendant's witnesses as to the value of the horse, was inconclusive. These witnesses doubtless spoke in reference to the market price, as ascertained in ordinary contracts between man and man. Now it is known to all who have any knowledge upon the subject, that sales of property for which there is not a great demand, is less likely to command a fair price at a forced than a voluntary sale.

We should consider the price at which the horse sold under the *venditioni exponas*, as furnishing a more certain standard of value, than the testimony of witnesses; especially as there was no evidence tending to show any thing like depreciation from bad treatment or otherwise, between the levy and sale. But, be this as it may, the charge of the Court upon the evidence, assuming the defendant's neglect of official duty, could not possibly prejudice him; for we have already seen, that if neglect was established, the plaintiff is entitled to be compensated to the extent of the injury he has suffered.

From what has been said, it clearly results, that neither of the charges prayed should have been given. They assume that the defendant could not be made liable for more, than the difference between the value of the horse at the time of the levy, and the amount for which the attachment issued. This, it has been shown, is not the law. There is then no error in the points presented, and the judgment is therefore affirmed.