# THE STATE v. JOHNSON.

1. If an officer having a *fieri facias*, attempts to levy it on articles exempt by law from levy, and sale by execution, after being warned of the fact, the owner may employ as much force, as is necessary to prevent the levy; but if he employs more force than is necessary, he becomes a trespasser.

2. Two indictments, one for resisting legal process, and the other for an assault, cannot be supported for the same offence. The decisive test, is, whether the same testimony will support both charges.

Novel, and difficult questions, from the circuit court of Macon.

THE defendant was indicted for an assault upon a constable, and pleaded not guilty. Upon the trial, it appeared in evidence, that the constable went to defendant's house, to levy an execution, and attempted to levy it on a mare in his possession. The defendant told the officer the mare was the only work animal he had, and that she was not subject to levy. The constable proceeded to make the levy, but was prevented by defendant, who presented, and snapped a gun at him twice, at the distance of fifteen or twenty yards. The defendant's counsel thereupon moved the court to charge the jury, that if the defendant had no property but what was exempt from levy by execution, he had the right to defend it with any force necessary to prevent the levy, which charge the court refused to give, and charged, that in such a case he had no right to resist the officer, but must seek the peaceable redress the law gave him. The jury found a verdict of guilty, and assessed a fine of $30, and judgment was rendered, but execution delayed until the next term.

The defendant was also indicted for resisting legal process, and upon the trial it appeared, that the evidence was the same in every particular as in the preceding case, and that it was the same transaction. The defendant was found guilty, and fined $50, and judgment accordingly, but the execution

suspended until the next term, referring to this court the following questions: First, whether one who has no property except that which is exempt from execution, has the right to resist an officer, who attempts to levy an execution upon it, finding it in his possession, and to what extent can such resistance be lawfully carried. Second, can the defendant be indicted, and punished for two offences separately, when the transaction out of which they grew is identical.

DOUGHERTY, for defendant in error.
ATTORNEY GENERAL, contra.

ORMOND, J.—The delivery of a writ of attachment, or *fieri facias* to an officer, is a command to levy it on the property of the defendant; if he levies it on the property of a stranger, he is a trespasser. We do not think there is in law, or in reason, any substantial distinction, between the levy of an execution on the property of a stranger, or the levy upon articles exempt by law from levy and sale, after the sheriff has been warned of the fact, that they are exempt. Our first impression was, that there was a distinction, from the fact, that these exempt articles were always in the possession of the defendant, and that the sheriff had no means of knowing, whether the property was entitled to exemption, or not. But it was the intention of the legislature, that these articles of prime necessity for the comfort of the family, should be kept inviolate for its use, and it would in a great measure defeat the object of the law, if the defendant was required to submit to such a levy, and seek redress against the officer by action.

The apalogy pressed on the court, by the attorney-general, of a writ commanding the sheriff to arrest one privileged from arrest, when it is held the sheriff must notwithstanding make the arrest, and that although the privilege is claimed, is more specious than solid. The writ in such a case is specific; it directs on whom it shall be executed, and the officer has no power to disobey its mandate. When the writ is general, as when a *fi. fa.* is issued, the command is no further specific, than it limits the taking

106

to the property of the defendant, and of this the officer must, at his peril, take notice.

It is a settled principle of our law, that every one has the right to defend his person, and property, against unlawful violence, and may employ as much force as is necessary to prevent its invasion. [Ackworth v. Kemp, 1 Douglass, 40; Commonwealth v. Kennard, 8 Pick. 133.] If however the defendant employed more force than was necessary to prevent the seizure of the property, he became a trespasser.

It is also very clear, that the defendant can only be held responsible, if guilty, upon one of these indictments. The decisive test, is, that the same testimony will support both charges.

Judgment reversed and remanded.