# Thompson *v.* Jones.

## *Action of Detinue.*

1. *Detinue; seizure of goods by sheriff; assignment.*—In detinue by assignee against a sheriff who had simultaneously levied separate attachments sued out by M. and by L. creditors, upon goods assigned for the benefit of creditors, the defendant sheriff alleged fraud in the assignment, in reply to which plaintiff attempted to introduce evidence of proceedings to show acceptance of the assignment on the part of M. which would preclude him from alleging fraud, but L. was not shown to have been a participant in such proceedings: *Held*, the evidence was inadmissible, defendant having authority under the attachment of L. to seize the goods if fraud were shown, and to detain enough to pay L.'s claim; and the question whether it be illegal to seize and detain more than enough, cannot be raised in detinue.

2. *Objection to evidence.*—Objection to testimony as a whole, much of it being legal evidence, is rightly overruled.

APPEAL from Hale Circuit Court.
Tried before Hon. JOHN MOORE.

J. W. BUSH, for appellant.

COLEMAN & COLEMAN, *contra.*

STONE, C. J.—Taylor and Turk, merchants, made a deed of assignment to Thompson, assignee, for the benefit of all their creditors. The assignment embraced a small stock of merchandise. Twenty days after the assignment was made, Moore & Kenedy and L. & E. Lamar sued out separate writs of attachment against Taylor & Turk, placed them in the hands of Jones, the sheriff, who levied them simultaneously

on the stock of merchandise. The goods yielded a surplus over the sum required to pay the claim of L. & E. Lamar, but not enough to pay the two claims. Thompson instituted this action of detinue against the sheriff for the recovery of the goods and the defense relied on was that the assignment by Taylor & Turk was made with intent to delay, hinder and defraud their creditors.

In reply to the charge of fraud in the execution of the assignment, plaintiff, Thompson, offered to prove that after Moore & Kennedy knew of its execution. they as creditors made application by petition to the register of the chancery court for an order requiring him, Thompson, to give bond for the faithful administration of the trust.—Code of 1886, §§ 3549, *et seq.* This application was made nine days before the attachment was sued out. He offered to prove further that the register took jurisdiction of the petition, appointed a day for its hearing, gave notice to Thompson, and actually granted the order, requiring him to give bond with sureties. The order was made after the issue and levy of the attachment. It was not attempted to be shown that L. & E. Lamar took any part in this proceeding. The testimony, on motion of defendant was ruled out.

It is contended for appellant, that this testimony would have proved, or tended to prove that Moore & Kennedy ratified the assignment, by electing to take under it, and that they thereby precluded themselves from assailing it as fraudulent. If theirs was the only attachment or claim under which the sheriff detained the goods, it is probable their position would be well taken. It is not permissible to take both under and against an assignment made for the benefit of creditors.—*Butler v. O'Brien*, 5 Ala. 316; *McReynolds v. Jones*, 30 Ala. 101; *Hatchett v. Blanton*, 72 Ala. 423. The testimony, however, would not have tended in the slightest degree to preclude L. & E. Lamar from assailing the assignment as fraudulent. And, if fraudulent, the sheriff had ample authority under their attachment for seizing the goods, and detaining enough of them to pay their demand.

If it be contended that Moore & Kennedy's attachment being out of the way, the sheriff could rightfully take and detain only enough goods to meet the Lamar attachment, and that any excess would be a wrongful withholding by the sheriff, the answer is that that question can not be raised in an action of detinue, as this is. It could, at most, furnish ground for an action on the case, for the abuse of lawful

process by the sheriff, in making an excessive levy.—*Dezell v. Odell*, 3 Hill (N. Y.), 215; s. c., 38 Amer. Dec. 628; *Sexey v. Adkison*, 40 Cal. 408; *Handy v. Clippert*, 50 Mich. 355; Murphree's Sheriffs, § 527.

The testimony offered could have exerted no influence in the maintenance of the present action, and the Circuit Court did not err in refusing to admit it.

The objection to the testimony of the witness Moore, was to it as a whole.   Much of it was legal evidence, and the objection was rightly overruled.—3 Brick. Dig. 443, § 570.

There is nothing in the other questions raised.

Affirmed.