# Smith v. The State.

## Indictment for Assault and Battery.

1. *Assault by officer levying process.*—A person may employ such force as is necessary to resist the seizure of his property under a process against a stranger; and, if an officer, directed generally to levy a process, persists in attempting the levy upon property after being notified of its ownership by another than the defendant in the process, he can not defend an assault committed on the owner while making such attempt on the ground of self-defense, if the owner used no more force than was necessary to prevent the levy; for, in such case, the officer is at fault in bringing on the difficulty.

2. *Same.*—In such case, the mere holding of the owner of the prop-

erty by the officer until the property is seized, as directed by him, by one assisting him to make the levy, is an assault.

APPEAL from the City Court of Bridgeport.

Tried before the Hon. WILLIAM L. STEPHENS.

The defendant was indicted, tried and convicted of an assault upon Julia A. Dial, and fined $50. The facts of the case are sufficiently stated in the opinion. In his oral charge to the jury, the court, among other things, instructed them as follows: "An officer with an execution in his hands against a defendant levies it at his peril. It is incumbent upon him to know that he levied it upon the property of the defendant, and if he attempts to levy it upon the property of a stranger, that stranger may resist it, using as much force as is necessary to prevent the levy, being responsible only for using unnecessary or excessive force. If you believe from the evidence that the cow which the defendant attempted to levy on really belonged to Mrs. Dial, and the defendant was notified or warned of this fact, then she had a right to defend the possession of the cow against the claim of the defendant, who was seeking to levy on it under an execution against her husband, and she further had the right to use as much force as was necessary to prevent the levy. If the defendant attempted to levy on the cow after being notified by Mrs. Dial that this was not the property of her husband, the defendant in the execution, but hers, that she with stick in hand placed herself in the bars or gap in the fence to prevent the defendant from driving the cow out, that the defendant attempted to wrench the stick from her, and in the struggle that ensued Mrs. Dial was struck or hurt by the defendant, then he would be guilty of an assault, notwithstanding you may believe she struck the defendant first with the stick." The defendant duly excepted to this portion of the court's general oral charge, and separately excepted to each of the several sentences thereof; and also separately excepted to the court's refusal to give each of the following charges requested by him: (1.) "If the jury believe from the evidence that the defendant merely tried to keep Mrs. Dial from inflicting bodily injury on him in making the levy, then they should acquit." (2.) "If the jury believe from the evidence that on Monday the defendant, as an officer, went to the house of

Mrs. Dial and made a levy on the white cow, and left her with Mr. and Mrs. Dial till they could make a trial or forthcoming bond the next day, and on the following Wednesday went to get the cow or the bond, and then she there resisted him by striking him with a stick two or three times, then the defendant would not be guilty if he merely prevented her strokes in as gentle a manner as possible." (3.) "In Mrs. Dial's defending her property, Mrs. Dial had no right to use excessive force, and the officer had the right to prevent any excessive force upon his person while attempting to make the levy."

J. E. BROWN, for appellant.

W. C. FITTS, Attorney-General, for the State.—The defendant in this case was clearly guilty of an assault, and therefore, the charges requested by him were properly refused.—*Johnson v. State*, 12 Ala. 840 ; *Engelhardt v. State*, 88 Ala. 100 ; *Bonner v. State*, 97 Ala. 47 ; Clark's Manual of Criminal Law, 103.

COLEMAN, J.—The defendant, as constable, having an execution in his hands, went with an assistant to the house of one R. A. Dial for the purpose of levying it upon a cow. The defendant in execution was absent from home. His wife, the person alleged to have been assaulted, claimed the cow as her property and forbade the levy. The officer asserted his intention to make the levy and proceeded to the lot where the cow was enclosed, and was in the act of pulling down the fence, when Mrs. Dial approached him with a stick and endeavored to make him desist. There is evidence tending to show that she struck the officer two or three blows, and there is evidence tending to show that she received several blows during the difficulty. It is also proven that the officer called to his assistant to bring him the "nippers," handcuffs we presume, which it was shown he had with him. Whether they were placed upon Mrs. Dial does not appear. The evidence also shows, that the defendant held Mrs. Dial and directed his assistant to pull the fence down at a different place. It is fairly inferable that the levy was made and the cow driven off. The court charged the jury *ex mero motu*, to certain portions of which the defendant excepted. The defendant re-

quested several charges to the jury which were refused.

In the case of *Johnson v. The State*, 12 Ala. 840, it is said to be "a settled principle of our law, that every one has the right to defend his person and property, against unlawful violence, and may employ as much force as it is necessary to prevent its invasion;" but if he employs more force, than is necessary, he becomes a trespasser. The case was one where a party was indicted, for an assault upon an officer who attempted to levy a *fieri facias* upon exempt property. It was held that the same principle applied, as if the officer had attempted to levy upon the property of a stranger, and that in such cases, the owner might employ as much force as is necessary to prevent the levy. We limit the principle to cases where the officer is directed generally to levy the process. Where the mandate specifies the property which the officer is directed to seize or levy upon, no one can actively interpose. to obstruct the execution of the process. We are of opinion that the charge given by the court was authorized by the principles of law, declared in the foregoing authority. The propositions of law asserted are predicated upon the finding by the jury that the cow was the property of Mrs. Dial. There was evidence which, if true, established this fact. If the cow was the property of Mrs. Dial, the defendant was at fault in bringing on the difficulty, and could not justify under the plea of self-defense; nor was he justifiable in holding Mrs. Dial until his assistant had pulled the fence down, so as to complete the levy on the cow, by taking her into possession. Such restraint was an assault. The instructions requested by the defendant asserted a contrary rule, or were argumentative and misleading, and were properly refused.

Affirmed.

