# Rutledge, *et al., v.* Rowland.

*Damages for an Assault and Battery.*

(Decided April 15, 1909. Rehearing denied May 11, 1909.
49 South. 461.)

1. *Appeal and Error; Harmless Error.*—Where a witness had testified without objection as to the matter inquired about, it was harmless error to overrule an objection to a similar question; especially where the objection was general and no grounds stated.

2. *Assault and Battery; Action for Damages; Evidence.*—Where the action is for assault and battery in making the arrest, and a physician had testified to an indentation on plaintiff's head as the

[Rutledge, et al. v. Rowland.]

result of a blow which he saw inflicted, it was proper to permit him to testify as to what was in the calaboose where plaintiff was confined as shedding light on the question as to whether there was anything in the calaboose which might have made the indentation.

3. *Same.*—In an action for assault and battery alleged to have been inflicted while plaintiff was being arrested for carrying a concealed pistol in violation of the town ordinance, it was not competent to allow the physician who examined him, to be asked whether he saw the person in town when he not only had a drink but had been drinking; since the question was general and fixed no time when witness had seen him drinking; it was inadmissible for the further reason that the physician had testified that the injury was caused by a fracture of the skull and there was no evidence to show that drinking the whisky had caused the injury, or was likely to have caused it.

4. *Same; Attempt to Prove Special Damages.*—A question to a physician as to what effect bone or other foreign substance constantly pressing on the brain would have, is not objectionable as an attempt to prove special damages, since such inquiry is directed to the usual and ordinary results of such an injury.

5. *Same.*—The testifony of the plaintiff as to the length of time he was held is proper to show the severity of the alleged assault and battery, and does not introduce a special element of damage.

6. *Same; Conversations of Plaintiff.*—Where the action was for assault and battery committed in arresting plaintiff for the violation of a town ordinance, it was not proper to permit plaintiff to be asked whether he had said several days before the assault that he was not going to be arrested by either of the marshals, or as to his having made fun of the marshals of another town, or as to his having had a conversation with the mayor as to the marshalls, since these things could furnish no excuse for the assault, nor could they shed any light on the assault and battery favorable to the defendant.

7. *Same; Prior Statement of Plaintiff.*—Where the action was for an assault and battery growing out of an arrest of plaintiff for the violation of the town ordinance, it was not erroneous to refuse to permit him to be asked whether he had not stated on the morning of the day in question that he had some fun on the 4th of July two days before, had had more on the 5th, and would have the real thing today, as no statement was made showing the relevancy of such matter, or any evidence up to that time tending to show that plaintiff was the aggressor.

8. *Same; Prior Conduct of Plaintiff.*—There being no pretense that plaintiff was attempting to use the handcuffs at the time in question, and no evidence up to that time tending to show that plaintiff had done anything towards bringing about a difficulty or resisting the arrest, and no statement made as to the relevancy of the evidence, and the marshal referred to not being a party to the suit, questions to the plaintiff as to whether he had knocked down the town marshal with handcuffs which had been taken from plaintiff before the alleged assault was committed, and whether he had not on the day in question taken the handcuffs from his trouser pockets and placed them in his coat pockets, sought evidence entirely irrelevant and immaterial.

[Rutledge, et al. v. Rowland.]

9. *Same; Physical Condition of Plaintiff.*—The action being for damages for assault and battery committed upon plaintiff in arresting him for the violation of a town ordinance, questions tending to show plaintiff's physical condition, and whether or not he had had a difficulty with the mayor nearly a month after the alleged assault, sought irrelevant and immaterial evidence.

10. *Same; Subsequent Conduct of Defendant.*—Where the defendant was mayor of the town, a question to him as to how he happened to be in a saloon several weeks after the alleged assault could shed no light on the same.

11. *Same; Subsequent Conduct of Plaintiff.*—The fact that the plaintiff was drinking several weeks after the alleged assault and battery tended to shed no light on the question of the assault, although at the time the assault was made the evidence tended to show that plaintiff was drinking.

12. *Same; Subsequent Statements of Plaintiff.*—The action being for assault and battery alleged to have been committed on plaintiff by the mayor and town marshal, and the plaintiff not being charged with an assault on the defendant, the fact that he said sometime after the alleged assault that if he had a chance to get into a difficulty with the mayor, he intended to bite his ear off is not relevant since the feelings of the plaintiff towards the defendant even at the time of the alleged assault by the defendant are immaterial.

13. *Same; Excuse for Assault.*—Where handcuffs were taken from the party alleged to have been assaulted before the assault, the fact that he had them and the purpose for which he carried them can offer no excuse for the assault, and hence, was immaterial.

14. *Same; Damages Recoverable.*—In an action for assault and battery only such damages as are the usual and ordinary result of the injury are recoverable; not such as might possibly follow.

15. *Same; Instructions.*—The action being for assault and battery in making an arrest without a warrant for the violation of the town ordinance, a statement by the court in its oral charge that the right to arrest without a warrant never carries with it the right to incarcerate without a hearing, when taken in connection with the other parts of the charge, and as applied to the facts in the case, it appearing that the arrest had been made on the order of the mayor and there being no evidence of any circumstances preventing an immediate investigation or the allowance of bail, was a correct charge.

16. *Same; Instructions.*—A charge asserting that if plaintiff committed the offense of carrying a pistol concealed about his person in violation of the ordinance of the town, then defendant who actually made the arrest were authorized to do so because of such violation, and no warrant was necessary to make it valid; and if plaintiff was ordered to be arrested by one of the defendants, the mayor of the town, or was arrested by the other, for carrying a concealed pistol about his person in violation of an ordinance, and in their presence, the arrest was valid, was properly refused as calculated to mislead the jury as to the real issues, the action not being for false imprisonment, and the pleas not setting up that the defendants were in the exercise of a duty in arresting for an offense committed in their presence, but justifying under the order of the mayor which was not simply to arrest but was also to take plaintiff to the calaboose.

[Rutledge, et al. v. Rowland.]

17. *Arrests; Making Without Warrant; Duty of Citizen or Officer.* —Where an arrest is made without a warrant for a misdemeanor by either a private citizen or an officer, it is the duty of such arresting person to take the prisoner immediately to a magistrate for a judicial ascertainment of his probable guilt, or for an opportunity to furnish bail.

18. *Same; Rights of Prisoner.*—Section 12 of the charter of the town of Jacksonville (Acts 1890-91, p. 511) was not intended to deprive a citizen of the right to be taken immediately before a magistrate for a judicial investigation as to his guilt or innocence, or an opportunity to give bail. It applies rather to cases where an officer makes an arrest in the presence of the mayor, but does not apply to a case where the mayor himself orders the prisoner taken to the calaboose at once without such judicial investigation or opportunity to give bail.

19. *Same; Necessity of Informing Prisoner of Charge.*—An instruction asserting that if plaintiff was arrested without a warrant it was the duty of the mayor who ordered his arrest to have had one of the officers making the arrest to tell the prisoner for what offense he was being arrested, was erroneous since section 5212, Code 1896, dispenses with the necessity of informing him of the cause of his arrest, when arrested in the actual commission of a public offense.

20. *Same.*—The fact that a prisoner might also have been arrested for some other offense would not require that he be informed of the offense for which he was arrested when he was arrested in the actual commission of an offense, although without warrant.

21. *Same; Rights of Prisoner.*—If officers act unlawfully in making an arrest without a warrant, the person arrested may use such force as is necessary to extricate himself from the unlawful arrest.

22. *Evidence; Proof of Character.*—Special offenses cannot be proven by a witness, even if personally known to him to show character, since character must be shown from the general regard in which a person is held in the community in which he lives.

23. *Trial; Reception of Evidence; Objection.*—There is no error in overruling an objection to a question where no grounds are stated for the objection.

24. *Same; Objections to Testimony.*—Where the objection to a question is general and the answer is not so clearly illegal but that it may be explained, it is not error to overrule a motion to exclude such answer.

25. *Same; Speculating with Winess.*—Where a party permits a question to be asked without objection, if the answer is responsive, an objection to the question and motion to exclude the answer will not be entertained, since one may not speculate as to what the testimony will be.

26. *Witnesses; Examination; Cross.*—A question asked a witness was properly excluded which requested the witness to say whether or not the witness would call a man a peaceable, law abiding man that would be guilty of the numerous incidents assumed to be true, if they were true.

27. *Same; Impeachment.*—In order to show bias any fact tending to show the relations existing between the witness, and the party

for or against whom he testified, may be brought out on cross examination, and hence, a witness may be asked, if he and the party to the suit did not drink together and run together.

28. *Charge of Court; Effect of Evidence.*—Where it was not pretended that the person arrested for the commission of a misdemeanor was guilty of any higher offense, a charge asserting that the person was entitled to bail, was not a charge on the effect of evidence, since one committing a misdemeanor only is entitled to bail.

29. *Misleading Instructions.*—The trial court will not be placed in error for giving instructions merely misleading although a part of the oral charge, since the misleading tendencies thereof could have been corrected by a counter charge.

30. *Same; Not Supported by the Evidenec.*—Charges predicated on facts of which there is no evidence are properly refused.

APPEAL from Calhoun Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by John Rowland against George Rutledge and others for assault and battery. From a judgment for plaintiff, defendants appeal. Reversed.

The facts and the exceptions to evidence are sufficiently stated in the opinion of the court. The following charges were refused to the defendant: "(A) The court charges the jury that if they are reasonably satisfied from all the evidence in the case that the plaintiff did on the 6th day of July, 1907, in the town of Jacksonville, Ala., commit the offense of carrying a pistol about his person, concealed in violation of an ordinance of said town, then the defendants, the Messrs. Rutledge were authorized to arrest him on account of such violation, and no warrant was necessary to make such an arrest valid. (B) If the plaintiff was ordered to be arrested by Dr. Arbery, or was arrested by the defendant Rutledge, for carrying a concealed pistol about his person in violation of an ordinance of the town of Jacksonville, Ala., and that he violated such ordinance in their presence, then such arrest was valid. (C) The court charges the jury that, if they find that Rowland at the time of his arrest was drinking and was turbulent, dangerous, and bloodthirsty, then he was not entitled to bail then

and there as a matter of right. (D) The court charges the jury that if, at the time of Rowland's arrest, they find he was drinking and beside himself with rage, and contemplated doing violence to some one, then he was not entitled to bail then and there before he had a chance to cool."

WILLETT & WILLETT, and J. J. ARNOLD, for appellant. The court erred in permitting the question as to what was in the calaboose.—*Irby v. Wilde,* 43 South. 574; *Vest v. Speakman,* 44 South. 1017; *City D. Co. v. Henry,* 139 Ala. 165; *Cain L. Co. v. Standard D. K. Co.,* 108 Ala. 346. The defendant should have been allowed to show that the plaintiff was always drinking when in town. Plaintiff should not have been allowed to show what the effect of a bone or foreign substance constantly pressing on the brain would be.—Authorities supra. Such questions inject elements of special damages not recoverable.—13 Cyc. 31; 7 Ency of Evidence, 402. The other questions as to the future consequences, the time confined to the bed, and disability resulting from the wound should not have been allowed.—Authorities supra. The Code form does not dispense with the necessity of the averment of special damages where necessary to be averred at common law to entitle a party to recover them.—Authorities supra, and *Lewis v. Hall,* 42 Ala. 138; *Dothard v. Sheid,* 69 Ala. 135. The defendant should have been allowed to ask the plaintiff if he had not knocked the town marshal down with the handcuffs and bunged him up with them.—*Wiley v. The State,* 99 Ala. 146. The defendant should have been allowed to show statements made by Rowland after the difficulty, and referring to the difficulty as to his intention, if he had another difficulty.—*Raisler v. Oliver,* 95 Ala. 711; *L. & N. v. Hurt,* 101 Ala. 48; *Morris v. The*

*State,* 146 Ala. 66. The court should have allowed the witness Whitlock to have been asked: Did you and Rowland drink together and run together.—*A. G. S. v. Johnson,* 128 Ala. 295; *Bennerfield v. The State,* 134 157; *Lodge v. The State,* 122 Ala. 97; *Prince v. The State,* 100 Ala. 145; *Southern Ry. v. Crowder,* 130 Ala. 257. The court erred in asserting that the right to arrest without a warrant never carried with it the right to incarcerate without a hearing.—Sec. 12, Acts 1890, 91, p. 511; Secs. 5209 and 5211, Code 1896; *Hayes v. Mitchell,* 69 Ala. 452; *Jones v. City of Anniston,* 138 Ala. 199. On these authorities the court erred in charging that the officers making the arrest should have told the prisoner for what he was arrested. The court also erred in asserting that the officers should have taken the prisoner at once to the mayor. The court erred in asserting that Rowland had the right to use all the force necessary in extricating himself from unlawful arrest.—*Williams v. The State,* 44 Ala. 41; *Brown v. The State,* 109 Ala. 70; *Dryer v. The State,* 139 Ala. 117. The court erred in asserting that plaintiff was entitled to bail.—*Hayes v. Mitchell, supra.* The court erred in charging that smart money or exemplary damages were recoverable.—*Hamilton v. Maxwell,* 119 Ala. 23; *K. C. M. & B. v. Thornhill,* 141 Ala. 235; *Wilkerson v. Searcy,* 76 Ala. 181; *Burns v. Campbell,* 71 Ala. 292. The court should have given charge A requested by defendant.—*Jones v. City of Anniston, supra; Hammond v. The State,* 147 Ala. 81; *Ex parte Bizzell,* 112 Ala. 214; *Jones v. The State,* 100 Ala. 81. On these same authorities charge B should have been given. Charge C should have been given as well as charge D.—*Hayes v. Mitchell, supra.* Counsel discuss motion for new trial, but it is deemed unnecessary to here set it out.

[Rutledge, et al. v. Rowland.]

KNOX, ACKER & BLACKMON, for appellee.—An objection to evidence is made too late if the answer is responsive to the question, and the question is not objected to. —*Ins. Co. v. Tillis,* 110 Ala. 201; *Bailey v. R. R. Co.,* 112 Ala. 177. Unless testimony is inadmissible for any purpose, a general objection is properly overruled.— *Williams v. Galleon,* 107 Ala. 439; *Snodgrass v. Reynolds,* 79 Ala. 459. The objections of the appellant do not bring them within the rule declared in *Irby v. Wilde,* 43 South. 574. Damages which are the natural result of assault and battery need not be specially claimed.— *Hawes v. O'Riley,* 17 Atl. 642; *Kelly v. Kelly,* 34 N. E. 1009; *Morgan v. Kimball,* 9 L. R. A. 445; 3 Cyc. 1082. When an officer makes an arrest without a warrant, or on the order of the magistrate, he must take the person arrested before the magistrate, and an imprisonment without doing so is unlawful.—Sec. 6257, Code 1907; *Hayes v. Mitchell,* 69 Ala. 452; s. c. 80 Ala. 183; *Cary's case,* 76 Ala. 78. The purpose of section 12 of the charter of Jacksonville is to authorize a policeman to arrest on his own motion where an offence was committed in his presence, and to take the offender before the mayor, or to take bail, and not to authorize the arrest and committment of one without an opportunity for bail.—*Pratt v. Hill,* 16 Barb. 303; *Edwards v. Ferriss,* 7 C. & P. 542; *Tracey v. Williams,* 4 Conn. 107; *Hayes v. Mitchell, supra.* A plaintiff may recover exemplary damages in assault and battery.—*Barlow v. Hamilton,* 44 South. 657. Counsel discuss motion for a new trial, but without citation of authority.

SIMPSON, J.—This action was brought by the appellee against the appellants, to recover damages for an assault and battery.

There was no error in overruling the objection to the question to the witness Dr. Douthitt: "What was there

in the calaboose?" No grounds for said objection are set out, and the witness had already testified without objection that he saw nothing in the calaboose but a bucket. Moreover, the witness had testified to an indentation on the head, which he attributed to the blow which he had seen inflicted on the plaintiff, and it was proper to show whether there was anything in the calaboose which might have made the indentation. The cases cited with regard to special damages have no application to this testimony.

There was no error in sustaining plaintiff's objection to the question to Dr. Douthitt, viz.: "Did you see him in town when he had not only had a drink, but was drinking?" The witness had stated that the injury to plaintiff's eyes was caused by the fracture of his skull. He had not been asked whether drinking whiskey could have caused the same trouble, nor was there any evidence that it would. Besides, the question was general —not fixing any time, whether before or ofter the injury, when he had seen him drinking.

The third assignment of error is that the court overruled defendants' objection "to the following question, * * * and to his answer thereto," etc. The record does not show that any objection was made to the question, but only to the answer after it had been made. There was no error in overruling the objection.

There was no error in overruling defendants' objection to the question to Dr. Crook: "What is the effect of a bone or foreign substance constantly pressing on the brain?" No statement was made as to the ground of the objection. Moreover, this was not an attempt to prove special damages, but was merely an inquiry as to the usual and ordinary results of such an injury. There was no error in overruling the defendants' motion to exclude the answer to said question. While it is true that only

[Rutledge, et al. v. Rowland.]

such damages as are the usual and ordinary result of such an injury are recoverable under this complaint, and not such as might possibly follow (4 Sutherland on Damages (3d Ed.) § 1251, pp. 3641, 3642; 13 Cyc. 31; 13 Ency. Sv. 402), yet the objection was general, and the court was not required to cast about for the specific objection, as it is not so clearly illegal but that it may have been explained if called to the attention of the witness.—*Wallis v. Rhea & Sons,* 10 Ala. 451, 453; *Donnell v. Jones,* 13 Ala. 490, 507, 48 Am. Dec. 262, 270, 271; *Cunningham's Executors v. Cochran & Estill,* 18 Ala. 479, 52 Am. Dec. 230; *Goldsmith, Forcheimer & Co. v. Picard,* 27 Ala. 142, 152; *Phillips v. Kelly,* 29 Ala. 628, 632; *Steele v. Tutwiler,* 57 Ala. 113, 115; *Dryer v. Lewis,* 57 Ala. 551, 554; *Bates v. Morris,* 101 Ala. 282, 286, 13 South. 138; *Sanders v. Knox, et al.,* 57 Ala. 80, 84; *Williams v. Gallyon, et al.,* 107 Ala. 439, 443, 18 South. 162; *Braham v. State,* 143 Ala. 29, 42, 38 South. 919.

The objection to the question to the witness Rowland (plaintiff) : "How long were you confined," etc., and to the answer thereto, was not made until after it had been answered. This was too late. A party cannot speculate on what the answer to a question will be, and then object to the question and move to exclude the answer, if the answer is responsive to the question.—*Downey v. State,* 115 Ala. 108, 111, 22 South. 479; *Miller et al. v. State,* 130 Ala. 1, 18, 30 South. 379; *Hudson et al. v. State,* 137 Ala. 60, 64, 34 South. 854; *Jarvis v. State,* 138 Ala. 20, 37, 34 South. 1025; *L. & L. & G. Ins. Co. v. Tillis,* 110 Ala. 202, 213, 17 South. 672; *A. G. S. R. R. Co. v. Bailey,* 112 Ala. 167, 176, 177, 20 South. 313. Moreover, the testimony as to the length of time he was held up was not introducing a special element of damages, but was merely proper for the purpose of showing the severity of the assault upon him.

There was no error in sustaining the objections to the questions to the plaintiff, as a witness, as to whether two days before the assault he had said that he was not going to be arrested by either of the marshals, or as to his having made fun of the White Gap marshals, or as to his having had a conversation with Dr. Arbery before that about his marshals. These things could furnish no excuse for making an assault upon plaintiff, nor does the matter as to how he felt as to said marshals shed any light on the assault made on him that would be favorable to defendants. There was no error in sustaining the objection to the question to the plaintiff, as a witness, asking whether he had not knocked down Town Marshal Pink Carpenter with the handcuffs. Carpenter was not a party to this suit, and the particulars of any difficulty with him were entirely irrelevant to this suit. The case of *Wiley v. State*, 99 Ala. 146, 13 South. 424, has no resemblance to this case. In that case the doctrine of self-defense was invoked, and there was evidence tending to show that the person who was shot made a motion toward the place where it was known the pistol was kept. In the present case there is no pretense that the plaintiff was attempting to use the handcuffs. On the contrary, they had been taken away from him before the assault was made on him. It was also entirely immaterial whether the plaintiff had on that day taken the handcuffs from his pants pocket and placed them in his coat pocket. In addition to what has been said, at the time these questions were asked, there was no evidence tending to show that the plaintiff had made any motion towards bringing about the difficulty, or even towards resisting the assault, and no statement was made by the attorney to show the relevancy of the evidence.

There was no error in sustaining the objection to the question to plaintiff as a witness as to whether he had

a difficulty with Dr. Arbery on the 30th of July (nearly a month after the time when plaintiff claims to have been assaulted). His physical condition at the time should be proved in some other way than by introducing evidence of the particulars of a difficulty had nearly a month after the time when plaintiff claims to have been assaulted.

There was no error in sustaining the objection to defendants' question to the plaintiff as a witness as to his statement to Bill Sargent on the morning of the 6th that they had had some fun on the 4th of July, had had more on the 5th, and would have the real thing to-day. There was no statement to the court showing the relevancy of such matter; nor was there any evidence at this stage of the proceedings tending to show that the plaintiff had been the aggressor in bringing on the difficulty.

There was no error in sustaining the objection to the question to the defendant Arbery, as a witness: "How did you happen to be in there"—referring to Maxwell's saloon. This was several weeks after the difficulty, and it was totally irrelevant to any issue in this case why Dr. Arbery went into the saloon. It was equally irrelevant whether the plaintiff was drinking at that time.

The conversation between the witness Francis and plaintiff was equally irrelevant. No matter for what purpose the handcuffs had been carried by the plaintiff, it offered no excuse for making an assault upon him after they had been taken from him. It was equally irrelevant to prove that the plaintiff said (some time after the difficulty) that, "if he had a chance to get into a difficulty with Dr. Arbery, he intended to bite his ear off." In fact, it is immaterial what the feelings of the plaintiff toward Dr. Arbery were, even at the time of the assault. The plaintiff is not charged with making any assault on Dr. Arbery.

[Rutledge, et al. v. Rowland.]

There was no error in sustaining the objection to the question to the witness H. T. Persons: "Assuming these things are true, would you call a man that would be guilty of the numerous incidents I have mentioned a peaceable, law-abiding man?" While it is permissible on cross-examination of a character witness for the purpose of shedding light on the credibility of the statements of the witness (*White v. State*, 111 Ala. 92, 21 South. 330), yet a party's character cannot be established by asking the witness in regard to various offenses, of most of which he has never heard, and then making him state whether, if those things were true, he would call the person a peaceable, etc., man. A man's character must be testified to from a general knowledge of his reputation in the neighborhood in which he lives. The witness could not have been called on to prove such special offenses, even if he had known of them, and it would be an anomaly to say that he could be forced to remodel his opinion of the man's general character by reference to particular instances which were imaginary, so far as he knew.

The court erred in sustaining the objection to the question to the witness Whitlock: "You drink together and run together?" Any fact tending to show the relations existing between the witness and the party for whom he testifies may be brought out on cross-examination, in order that the jury may judge whether or not there is any reason to suppose the witness would be biased.—*A. G. S. R. R. Co. v. Johnston*, 128 Ala. 284, 295, 29 South. 771.

The defendants except to that part of the oral charge of the court as follows, to wit: "That right to arrest without a warrant never carries with it the right to incarcerate without a hearing." While the use of the word "never" would be improper, under certain circumstances, as it might be impossible to take the prisoner imme-

[Rutledge, et al. v. Rowland.]

diately before a magistrate, and he might be unable to give bail, yet, taken in connection with the rest of the charge, and as applied to the facts of this case, the arrest being made by the order of the mayor, and there being no circumstances to prevent an immediate investigation of the case, or the allowance of bail, the charge was correct. Under our system of government, which guards so scrupulously the liberty of the citizen, it is the duty of either an officer or a private citizen when arresting a person for a misdemeanor without warrant to take him immediately before a magistrate, and have a judicial ascertainment of his probable guilt, and an opportunity given him to make bail.—3 Cyc. 895; *Hayes v. Mitchell*, 69 Ala. 452, 455; *Pratt v. Hill*, 16 Barb. (N. Y.) 303; *Tracy v. Williams*, 4 Conn. 107, 10 Am. Dec. 102; *Hayes v. Mitchell*, 80 Ala. 183, 184, 185 (second given charge); *Edwards v. Ferris*, 7 C. & P. 542. Section 12 of the charter of Jacksonville (Acts 1890191, p. 511) was not intended to deprive the citizen of this important right (if that could be done); but was providing for the case where the officer, in the absence of the mayor, makes the arrest, and has no application to a case where the mayor himself orders the arrest, and orders the prisoner to be taken to the calaboose at once, without any judicial investigation or opportunity to give bail.

It was error to charge (in the court's oral charge): "If he was arrested without a warrant, it was the duty of Dr. Arbery to have had one of the officers making the arrest tell him for what offense he was being arrested." Section 5212 of the Code of 1896 dispenses with the necessity of informing him when "he is arrested in the actual commission of a public offense," and in this case there is no conflict in the evidence that the plaintiff was in the actual commission of the offense of carrying a pistol concealed about his person. It is no answer to

this to say that he might also have been arrested for some other offense. The statute presumes, when he is arrested in the actual commission of an offense, that he is arrested for that offense.

Several exceptions raise practically the same questions as stated in the last two, and it is unnecessary to repeat them. There was no error in that part of the oral charge as follows, to wit: "I charge you, further, that if everything occurred as Dr. Arbery says it did, and that this man told him, in talking to him, that he wanted to see him, that he wanted to see him out of the corporation, and Dr. Arbery consented to go, entered willingly into that difficulty, accepted the challenge to go outside of the corporation, I charge you then that Dr. Arbery would not be free from fault, and could not invoke the protection of the doctrine of self-defense." It cannot be said that these were two separate transactions, for the testimony shows one continuous altercation between them, and the order to have the plaintiff searched, and the consequent order to have him arrested resulted from the agreement about to be put into execution to go out of the corporation.

There was no error in giving that part of the oral charge set out in the thirtieth assignment of error. It cannot be said that in ordering the arrest Dr. Arbery was acting judicially. The gravamen of the complaint against him is that he did not act judicially, but merely gave the order without any charge being made against the plaintiff, without any judicial investigation, without giving the plaintiff an opportunity to be heard, and without according to him the constitutional right to give bail. There was no evidence tending to show that the plaintiff was not in a condition to attend the trial. Section 5214 of the Code of 1896, which is quoted by counsel, provides that, when a person is arrested by order of

[Rutledge, et al. v. Rowland.]

the magistrate, the magistrate shall "thereupon proceed as if such offender had been brought before him on a warrant of arrest"; and that is just what the mayor did not do in this case. There is nothing in the charge to indicate that the party might resist so as to imperil the lives of his captors, but only that he might use such force as was necessary to extricate himself. This right he had if the officers were acting unlawfully.—*State v. Johnson,* 12 Ala. 840, 46 Am. Dec. 283; *Smith v. State,* 105 Ala. 136, 139, 17 South. 107. There was no error in that part of the oral charge: "The plaintiff was entitled to bail." This was not charging upon the effect of the evidence, for there was no pretense that the plaintiff was guilty of any offense greater than a misdemeanor, in which case he was certainly entitled to bail.

The thirty-second assignment is covered by what has been said, and it shows no error. That part of the oral charge set out in the thirty-second assignment of error was possibly misleading, but could have been corrected by a countercharge, and the court will not be placed in error for giving it. The other exceptions to parts of the oral charge are covered by what has been said.

Charge A, requested by the defendants, was properly refused, because it was calculated to mislead the jury as to the real issue in the case. The action is not for false imprisonment, but for assault and battery, and the pleas do not set up the defense that the defendants were in the exercise of duty in arresting for an offense committed in their presence, but they justify under the order of the mayor, which was not simply to arrest, but to take the plaintiff to the calaboose.

Charge B, requested by the defendant, is governed by the same principles as charge A.

Charges C and D were also properly refused. There is nothing in the evidence to show that the plaintiff was

violent, turbulent, and beside himself with rage when the officers took hold of him. On the contrary, Dr. Arbery himself testifies that the plaintiff was walking away from him, and that he (Dr. Arbery) commenced the offensive remarks and got into an altercation with the plaintiff; that, when he ordered the plaintiff to be searched, he submitted quietly thereto; and that he (the doctor) then ordered the marshals to "put him in the calaboose."

The separate assignments made by the defendants raise the same questions which have been treated in reference to the joint assignment.

The judgment of the court is reversed and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.