# Levens *v.* The State.

*Assault and Battery.*

(Decided Jan. 9, 1912.   57 South. 497.)

1. *Assault with Intent; Evidence; Provocation.*—Where the prose-
cution was for assault with intent to kill arising out of an attempt
of officers to arrest the defendant because he would not permit them
to levy on certain property, it was competent to show that before
they undertook to levy upon that property the officers had already
levied upon more than enough property to satisfy the writ as bear-
ing upon the question of oppression or provocation.

2. *Same.*—Evidence as to whether the officers were armed when. they came on defendant's premises to make certain levies, and where they carried such arms, was competent as tending to explain for what purpose the defendant armed himself.

3. *Same; Self Defense; Provocation.*—Where the defendant had resisted arrest, sought to be made because he would not allow the officers to levy upon flour claimed as exempt, after notice to them that they had already levied on all his other breadstuffs, he was not the provoker of the difficulty which followed the attempted arrest.

4. *Same.*—A person has a right to defend his person and property against unlawful violence ,and may employ as much force as is necessary therefor; but if he employs more force than is necessary, he himself becomes a trespasser.

5. *Same; Resisting Arrest.*—Where the defendant notified the officers attempting to levy upon flour which he claimed as exempt to him under section 4237, Code 1907, that they had already levied on all his other bread stuffs, he had the right to resist an arrest attempted because of his refusal to permit them to levy upon the flour.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Jake Levens was indicted for an assault with intent to murder, convicted of an assault and battery, and he appeals. Reversed and remanded.

W. E. FORT, W. T. L. COFER, M. F. PARKER, and ED C. BURKE, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MAR-TIN, Assistant Attorney General, for the State.

DE GRAFFENRIED, J.—The defendant was indicted for assault with intent to murder, was tried by a jury, by their verdict found guilty of assault and battery, and from the judgment of the court pronounced on that verdict appeals.

It appears that a writ of attachment was sued out by some one against the estate of the defendant and was placed in the hands of one Bryson, a deputy sheriff, to

[Levens v. The State.]

be levied upon property of the defendant. The writ of attachment was not introduced in evidence, and we do not know by what officer or for the collection of what sum it was issued, or before what court it was made returnable. It was treated on the trial in the court below as a valid writ authorizing a levy upon property of the defendant, and we will so treat it.

· The attempt by the above-named officer and his assistants to levy the above writ upon certain flour on the porch of the residence of the defendant was resisted by the defendant; the officers, or some of them, attempted to arrest the defendant on that account; and the difficulty in which the defendant made the assault for which this indictment was found was thereby precipitated. The writ had previously been, without objection on the part of the defendant, levied upon a certain lot of the defendant in the town of Cullman and also upon the contents of his store, barn, and blacksmith shop. The evidence tends to show that the defendant had on his porch certainly one, and possibly two, barrels of flour, and that he also had some flour in his dining room or kitchen. The evidence is in some confusion as to the exact amount of all of this flour, but the defendant's testimony tends to show that there was not on his porch and in his dining room or kitchen exceeding two barrels. The evidence without dispute shows that, when the officers came to seize the flour on the porch, the defendant told them that they had already levied on "fiftyfold" more than was necessary to satisfy the attachment, and that he did not intend to allow them to take the "last bite of bread from his family;" that one of the officers then attempted to seize the defendant, saying that he was going to arrest him; that the defendant thereupon possessed himself of a gun; and that immediately afterwards several shots were fired, three by the

[Levens v. The State.]

defendant, and probably six or seven by at least two of the officers. The evidence without dispute shows that at least two of the officers were armed when they went to the defendant's porch to levy on the flour; but the evidence is in sharp dispute as to whether the defendant or some of the officers fired the first shot, and there was also a sharp conflict in the evidence as to whether the defendant was in his house or retreating from it when he first fired. The evidence without dispute shows that the defendant left his home during the difficulty, and that he did not return until the next afternoon. The difficulty occurred about or after dark, and the defendant had a wife and six children, all of whom were at home when the shooting took place.

"In determining the amount of property to be levied on to satisfy an execution, the officer is left to exercise his own judgment, free from constraint or control of either plaintiff or defendant; but it is his duty to take property sufficient to satisfy the execution, allowing for reasonable and probable depreciation of the property at a forced sale, but he should not make the levy so unreasonable and excessive as to bear on its face the appearance of oppression and unnecessary rigor."—*Governor v. Powell*, 9 Ala. 83; *Griffin v. Ganaway*, 8 Ala. 625; *Thompson v. Jones*, 84 Ala. 279, 4 South. 169; 17 Cyc. 1112, § 8.

An officer making an excessive levy is liable to the defendant in execution for the damages suffered by him by reason thereof in an action of trespass on the case. —*Thompson v. Jones*, 84 Ala. 279, 4 South. 169.

1. One of the important questions in this case was whether the defendant was free from fault in bringing on the difficulty which resulted in the assault for which he was indicted. The difficulty occurred, confessedly, because the officers, or some of them, attempted to ar-

rest the defendant because he would not permit them to
levy on the flour on his porch. If, before they under-
took to levy upon the flour, the officers had already lev-
ied upon largely more than enough property to satisfy
the writ, the defendant should have been allowed to
show this by evidence. This evidence, if such existed,
would have aided the jury in determining the quo an-
imo of the officers in attempting to make the additional
levy and in attempting to arrest or in threatening to
arrest the defendant. In other words, it would have
shed some light on the question as to whether the offi-
cers were acting in good faith or were oppressing the
defendant "with unnecessary rigor," when they at-
tempted to seize the flour and arrest the defendant, and
whether they did not, themselves, provoke the difficulty.

2. Under the provisions of section 4237 of the Code,
no levy of an execution or attachment can be lawfully
made upon certain specific articles belonging to the de-
fendant in such execution or attachment, and among
such articles "meat not exceeding one hundred pounds,
lard not exceeding fifty pounds, meal and flour not ex-
ceeding ten bushels" are expressly mentioned. There
was some evidence in this case from which the jury
were authorized to infer that the defendant had been
guilty of hiding out some of his property which was
subject to levy and sale. Some of his property evi-
dently bought to be placed in his store and sold by him
as a merchant was in his barn and in his blacksmith
shop. Of this condition the evidence tends to show the
officers were apprised by the defendant when they went
upon his premises; but these conditions were matters
to be considered by the jury in determining whether
the flour on defendant's porch and in his kitchen was,
as claimed by him when the officers undertook to levy
on it, all of the flour belonging to the defendant which

4 CA.

had not already been levied upon when the officers un-dertook to levy on the flour upon the porch. There is no evidence in the record tending to show that the de-fendant had any meal, and if the flour on defendant's porch and in his dining room or kitchen was all of the flour that he had left, and if that flour did not exceed 10 bushels and constituted all of the breadstuff left to him (and there was evidence tending to show this), then that flour was, so far as this record shows, exempt to the defendant.

If that flour was exempt, then the defendant had the right, if he informed the officers that it was all that had been left to him, to say to them that they could not levy upon it, to resist such levy, and to resist his arrest if an arrest was attempted on that account. In other words, if the defendant resisted arrest because the of-ficers attempted to arrest him *solely* because he would not allow them to levy an attachment upon property which the law exempted to him from such levy, and the defendant had given the officers notice that they had already levied on all his other breadstuffs, then the de-fendant was, under the law, not the provoker of the dif-ficulty, whether such officers had already levied upon more than sufficient property to satisfy the attachment or not. "We do not think there is, in law or in reason, any substantial distinction between the levy of an at-tachment or an execution on the property of a stranger, or the levy upon articles exempt by law from levy and sale, after the sheriff had been warned of the fact that they are exempt. * * * It was the intention of the Legislature that these articles of prime necessity for the comfort of the family should be kept inviolate for its use, and it would, in a great measure, defeat the ob-ject of the law, if the defendant was required to submit to such a levy, and seek redress against the officer by

action."—*State v. Johnson,* 12 Ala. 840, 46 Am. Dec. 283; *Henderson v. State,* 105 Ala. 139, 16 South. 927.

"It is a settled principle of our law that every one has the right to defend his person and property against unlawful violence and may employ as much force as is necessary to prevent its invasion, but if he employs more force than becomes necessary he becomes a trespasser."—*Henderson v. State, supra; State v. Johnson, supra.*

"When such a trespass is threatened or committed, the party sought to be arrested has no right to kill, unless the unlawful act, when properly and lawfully resisted by him, is persisted in by the trespasser until it ultimately results either in an actual necessity on the part of the party sought to be arrested to kill in order to prevent to himself great bodily harm, or the appearances are such as to engender the reasonable belief of the existence of such necssity."—*Carroll v. State,* 23 Ala. 28, 58 Am. Dec. 282; *Noles v. State,* 26 Ala. 31, 62 Am. Dec. 711.

While the evidence showed that at least two of the officers were armed when the difficulty occurred, and that they shot at the defendant, nevertheless the court refused to allow the officers to answer questions propounded to them by the defendant asking them if they were not armed when they came on his premises, where they carried such arms, etc. The defendant, in resisting the seizure of the flour and in resisting the arrest, armed himself with a gun, which he afterwards used in the difficulty, and we think that the above evidence which the defendant sought to introduce was at least competent because it tended to explain why the defendant procured his gun at the time of the threatened arrest.

[Spear v. The State.]

The rulings of the trial court on the admission of the evidence in this case were in some material particulars inconsistent with the views above expressed.

There are a number of questions presented by the record which we do not discuss. They may not arise on the next trial, and we do not deem it necessary to consider them.

Reversed and remanded.