## Marvin v. The State.

### Larceny.

(Decided August 1, 1916.   72 South. 588.)

1. **Appeal and Error; Review; Reserving Ground.**—Where the question calling for a confession, after the confession's voluntary character had been established, was apparently abandoned upon objection, but it was received later without objection, except an objection made after its admission which did not specify any ground, its admissibility was not raised by a timely objection or exception.

2. **Evidence; Confession; Corpus Delicti.**—Where the owner testified that he saw the stolen tobacco at night, that it was gone next morning, and had been stolen in the interval, this was sufficient proof of the corpus delicti to warrant the introduction of the confessions of defendant.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Tom Marvin was convicted of larceny and he appeals. Affirmed.

WARREN S. REESE, for appellant.   W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant was convicted on a charge of grand larceny for stealing two boxes of tobacco, the property of E. H. Tillery, from his storehouse. It is insisted by defendant's counsel that there was error in the trial court's permitting the confession of the defendant to be introduced in evidence, on the ground that the corpus delicti had not been proven.

(1) This question is not properly raised by the proceedings as set out in the record. It does not appear that the question which elicited this confession testimony as an answer was objected to before the question was answered. Objection, without stating any ground therefor (*Deslandes v. Scales, et al.*, 187 Ala. 25, 65 South. 393; *Rutledge v. Rowland*, 161 Ala. 114, 49 South. 461), is shown to have been made to the question calling for a confession when first propounded to the witness; but this question seems to have been abandoned and an entirely different question substituted. Following this is a narrative statement of the testimony of the witness, detailing a confession made by

the defendant, to which no objection is shown to have been interposed, or exception reserved (*Stowers Fur. Co. v. Brake,* 158 Ala. 639, 48 South. 89) ; yet the recitals of the bill of exceptions show that subsequently the court, on the motion of the defendant, "rules out all the testimony that had been given about the tobacco stolen out of his (witness') store." Following this is a statement to the effect that the state proved that the confession was voluntary, etc., and further testimonny of the witness set out as to the goods having been stolen out of the store, after which is recited the ruling of the court, admitting the testimony as to the confession about the tobacco, and no objection is shown to have been made or exception reserved to this ruling of the court. —*Stowers Fur. Co. v. Blake, supra.* After setting out additional testimony of this witness with respect to the facts as to the tobacco having been stolen from the store, without any seeming connection with that which immediately goes before or follows, it is stated that counsel for defendant objects (without specifying grounds) to the admission of the confession, followed by the statement: "Objection overruled and exception reserved." In this condition of the record, it does not appear that a timely objection was made to the introduction of the evidence of a confession, or that an exception was reserved to an adverse ruling of the court in the matter that would justify a review of the action of the lower court putting it in error. See *Williams v. State,* 7 Ala. App. 125, 62 South. 294; *Frazier v. State,* 9 Ala. App. 50, 64 South. 162.

(2) We may say, however, that the witness Tillery, having testified that the tobacco was seen by him at night in the store, and that it was gone the next day, and that it was stolen out of his store during that period, was sufficient evidence from which the fact of the corpus delicti could be inferred, if not positive proof of the fact. This was sufficient proof of the corpus delicti to entitle the state to introduce the defendant's confession. Where evidence is introduced from which a reasonable inference of the existence of the corpus delicti may be deduced, it is the duty of the court to submit the question of the sufficiency and weight of the evidence tending to support that inference to the jury, and this is sufficient proof of the corpus delicti to permit the introduction of a confession of the defendant.—*Martin v. State,* 125 Ala., 28 South. 92; *Smith v. State,* 133 Ala. 145, 31 South. 806, 91 Am. St. Rep. 21.

[Smith v. The State.]

The record does not present for review any ruling of the trial court showing reversible error, and the judgment appealed from must be affirmed.

Affirmed.