# Loeb, *et al. v.* City of Montgomery.

## *Assumpsit.*

(Decided January 23, 1913. Rehearing denied April 8, 1913. 61 South. 642.)

1. *Municipal Corporations; Action on Bond; Complaint.*—In an action by a municipal corporation on a contractor's bond, a complaint alleging breach of the conditions of a bond made by defendant binding them to furnish fire hose warranted to stand a specified test, was not demurrable on the theory that the condition was complied with by delivering the hose and the warranty.

2. *Same; Variance; Materiality.*—In an action on a bond based on a breach of the warranty no material variance could be predicated on an allegation that they (referring to the sureties) as well as the seller as principal, agreed to furnish the hose, etc.

3. *Same.*—Description of fire hose sold as three-ply Baker Babric Brand, when three-ply Baker Fabric Brand is obviously meant, cannot be made the basis of a material variance, and specially so where the action was based not on the warranty as to the brand, but on the warranty as to the quality.

4. *Bonds; Contracts; Construction.*—A bond or other contract should receive such a construction as will effectuate the reasonable intention of the parties.

5. *Same; Ambiguous Language.*—Doubtful or ambiguous language in a bond or other contract will receive the construction that will support rather than defeat the instrument, if it can be fairly done.

6. *Same.*—A bond or contract should be construed against a party on whom rests the obligation involved.

7. *Contracts; Construction.*—Contracts must be construed in the light of the facts surrounding the parties at the time of entering into or making the agreement.

8. *Pleading; Demurrer; Scope.*—Where a bond is sued on but not set out in the complaint, it cannot be looked to in support of rulings on demurrer to complaint.

9. *Appeal and Error; Harmless Error; Instructions.*—In an action by the city based on the breach of warranty as to the quality of certain fire hose purchased, it was not reversible error for the court, after correctly stating the measure of damages as the purchase price, to add that the reason for the rule was that a defect

in the hose might result in the burning of a whole town, especially in the absence of a request for an explanatory charge.

10. *Charge of Court; Misleading.*—The court will not be placed in error for giving a charge merely misleading, as the duty is on the adversary party to request explanatory instructions.

(Thomas, J., dissents in part.)

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Action by the City of Montgomery against M. Loeb, doing business as the Loeb Hardware Company, and the National Surety Company to recover for the breach of the conditions of a bond. Judgment for plaintiff, and defendants appeal. Affirmed.

The complaint was as follows: "Plaintiff claims of defendants $500 for the breach of the condition of a bond made by the defendants on the 12th day of August, 1910, payable to the plaintiffs, in the sum of $1,420, with the condition that they furnish 2,000 feet, more or less, of their three-ply Baker Babric Brand solid, multiple woven, rubber-lined cotton fire hose, 2½ inches internal diameter, coupled complete in sections of 50 feet, delivered f. o. b. Montgomery, Ala., at $1.10 per foot, guarantee to withstand a test pressure of 400 pounds to the square inch, when delivered, and be free from defects in material or manufacture for 36 months from the date of the delivery, and plaintiff says that the condition of said bond has been broken by defendant in this: That said hose was not free from defects in material or manufacture, and a short time after the purchase, and long before the expiration of the said 36 months from the date of the delivery thereof, to-wit, 400 feet of said hose, by reason of defects in said material and manufacture, bursted and became wholly unfit for use for which it was sold to plaintiff and wholly worthless to plaintiff, to the damage of plaintiff as above stated."

The demurrers raise the proposition that the complaint fails to allege the manner in which the hose was defective in material or manufacture, and fails to allege or show any breach of the conditions of the bond sued on. The pleas were: First, the general issue; and, second, the defendant says in answer to the complaint that, before this suit was commenced, it furnished to the plaintiff 2,000 feet of its three-ply Baker Fabric Brand, solid multiple woven, rubber-lined cotton hose, 2½ inches internal diameter, coupled in sections complete of 50 feet, and also guaranteed to plaintiff that said hose would withstand a test pressure of 400 pounds to the square inch, when delivered, and guaranteed it against defects in material or manufacture for 36 months from the date of the delivery.

The demurrers to the plea raise the question that the plea fails to aver that the hose delivered to the plaintiff would withstand a pressure of 400 pounds to the square inch when delivered; second, for that said plea fails to aver that said hose when delivered was free from defects in material and manufacture when so delivered; third, for that said plea fails to aver that said hose when delivered would withstand a pressure of 400 pounds to the square inch, and was free from defects in material and manufacture so that said hose would perform the service for which it was sold to plaintiff for a period of 36 months from the date of its delivery. The bond was conditioned upon a maximum liability of $1,320 because of the fact that the obligee had agreed to furnish to the city of Montgomery 2,000 feet of fire hose, and guarantee same for a period of three years against defects in material and manufacture, a copy of which agreement is attached and made a part hereof. And assumed for the principal obligor the faithful performance of the terms and provisions of said contract,

. subject to certain exceptions not necessary to be here set out.

The proposal to the city was to furnish the hose as described in the complaint and the plea at $1.10 per foot, with the following guaranty: "The hose offered under this proposal is guaranteed to withstand a test pressure of 400 pounds to the square inch when delivered, and against defects in material or manufacture for 36 months from the date of delivery."

The oral charge was as follows: "In the event, after a fair consideration of this evidence, you should determine that the city of Montgomery should recover in this case, then the measure of damages would be the original purchase price, and the interest on that up to the day of the trial. In other words, the reason for that is this: If a city should buy a hose and use it for two years, and it was guaranteed for three, and the hose broke from some defect, it might be that the whole town would burn up from a defect in the hose, and it would not be proper to allow for the use of it during that time." The last clause was the one excepted to.

WEIL, STAKELY & VARDAMAN, for appellant. No brief reached the Reporter.

C. P. McINTYRE, and JOHN V. SMITH, for appellee. No brief reached the Reporter.

PELHAM, J.—This suit was instituted by the appellee, a municipal corporation, in the court below to recover for the breach of a condition of a bond executed by the appellants in connection with the sale to the municipality of a certain quantity of fire hose by the principal in the bond, the Loeb Hardware Company. The sale of fire hose was made on a contract of sale under

the terms of which a representation or "guarantee," as alleged in the complaint, was made that the hose would withstand a certain amount of pressure and prove free from defects in materials or manufacture for a designated period. The bond was conditioned for a faithful performance of the contract of sale on the part of the seller, and the complaint averred a breach of the condition of the bond in that the fire hose failed to withstand the stipulated pressure and be free from defects in material and manufacture, as represented or guaranteed by the sellers.

The subject-matter of the bond, the purpose for its execution, the relation of the parties, and the object to be accomplished, as may fairly be gathered from the allegations of the complaint, are all such as to make it obvious that the nature and design of the obligation sued upon was for the manifest purpose of securing the city as vendee against loss in the amount paid as a purchase price for certain fire hose, in the event the article purchased proved to be faulty or unsound, or failed to come up to the representations or "guarantee" made by the vendor, the principal in the bond.

The appellants interposed demurrers to the complaint and filed a special plea on the theory that the condition of the bond set up in the complaint and alleged to have been breached had been fully complied with by merely making a delivery and guaranty, and that no breach of any condition of the bond, as averred in the complaint, would be occasioned by a failure of the hose to be free from defects of material or manufacture, or to withstand the stipulated pressure. The court very properly overruled these demurrers to the complaint attacking it on this ground. The contention of the appellants that the condition of the bond as alleged in the complaint, and a breach of which is declared on, only

provided for a bare delivery of the hose and a mere obligation to make the guaranty, and that the condition of the bond set up and alleged to have been breached was fully complied with on appellant's part when it merely delivered and guaranteed, and that no breach of the conditions of the bond, as averred in the complaint was occasioned through failure of the representations or warranty made in inducing the sale, is hypercritical. The court's action in sustaining demurrers to the plea setting up this contention as to the condition of the bond, as set up in the complaint, was without error for the same reason.

The complaint contained proper allegations, fairly construed, of the condition of the bond, and averred or assigned a breach thereof, for which the appellants (if these allegations were sustained by the proof) would be liable to the city as the obligee named in the bond. The assignment of the breach was in substance and effect, in the words of the contract, introduced in evidence on the trial and made a part of the bond and co-extensive with the condition of the bond alleged to have been breached.—*Kirby v. Forbes,* 141 Ala. 294, 37 South. 411.

That the court's ruling on the demurrers to the complaint and plea was without error, and that the court gave the proper construction to the condition of the bond set out in the complaint, is manifest from the bond itself, which was introduced on the trial, in support of the averment as to the condition it contained, as set out in the complaint. The bond referred to the contract of sale and made it a part of the obligation, and, construing the instruments together, the obligors in the bond were bound to answer to the city for a failure of the representations and guaranty (or warranty) made in the contract of sale, under the terms and conditions of which the hose was purchased, for applying the cardi-

nal rule of construction to this instrument, and looking at the intention of the parties, in connection with the nature of the obligation itself, and having due regard to the objects in view, it is then made plain and the conclusion is unavoidable that the trial court gave the correct construction to the allegations of the complaint setting up this condition of the bond and assigning a breach thereof. To give the obligation declared on and introduced in evidence in support of the allegations of the complaint setting up the condition averred to be breached the construction contended for by appellants, in the light of the evident object the parties had in view at the time, would be to give to it no force or meaning, deprive it of all efficacy, and render it a trifling instrument without practical force or significance, making it but an ineffectual and vain attempt to secure protection and security through the medium of a bond for the faithful performance of a contract of sale, and this, too, by a strained construction most strongly in favor of the parties entering into the obligation. This is not the proper rule of construction; the proper rule is to give force, effect, and meaning to the words and clauses used in an instrument so as best to effectuate and carry into operation the reasonable intention of the parties (*Boykin v. Bank*, 72 Ala. 262, 47 Am. Rep. 408) ; and, in determining the meaning to be accorded to doubtful language, a construction should be given, if this can be fairly done, that will support rather than defeat the instrument; and the construction, too, should not be strained in favor of, but most strongly against, the person undertaking, or entering into, the obligation.— *Ashley v. Cathcart*, 159 Ala. 474, 49 South. 75. Contracts must be construed in the light of the facts surrounding the parties at the time of entering into or making the agreement. Courts will consider the occa-

sion which gave rise to the contract, the relation of the parties, and the objects to be accomplished.—*McGhee v. Alexander,* 104 Ala. 121, 16 South. 148; *Pollard v. Maddox,* 28 Ala. 321.

The bond not having been set out in the complaint, it could not, of course, be looked to in support of the court's rulings on the demurrers. But the complaint set up the condition of the bond in substance and effect and alleged a breach of the condition, and a construction of the bond itself makes it obvious that the construction given to its condition, as set out in substance and effect in the complaint, is correct.

The appellants' claim of a variance is not well taken as being material, wherein such contention is based on the allegation of the complaint that the condition of the bond is that "they" (the bondsmen sued in the action) agreed to furnish the hose, while the bond showed that but one of the bondsmen, the principal, the Loeb Hardware Company, was to furnish the hose, and that the other bondsman signed as surety, for this recital did not pertain to an essential portion of the condition of the bond, as the bond in each case would be the same in substance and effect, and the liability and right of recovery the same. No variance was wrought by this allegation and proof, material in its nature or affecting the right of recovery.—*Dickson v. Bachelder,* 21 Ala. 699; *Moseley v. Wilkinson,* 24 Ala. 411; *Peck v. Ashurst,* 108 Ala. 429, 19 South. 781; *Austin v. Beall,* 167 Ala. 426, 62 South. 657, Ann. Cas. 1912A, 510.

The allegation in that part of the complaint not alleging the breach but in the descriptive portion simply containing a description of the hose as "three-ply Baker Babric Brand solid, multiple woven, rubber-lined cotton fire hose," etc., refers to the bond and is plainly a mere clerical error and self-correcting in its nature as

meaning "fabric," as described in the bond and contract of sale in place of "babric." The gist of the action was to recover for the breach of a warranty of the quality and condition of the hose furnished under contract, and not for a failure to furnish the brand specified, and no breach was averred going to the brand of hose furnished, and no question was raised and no contention entered the case at any stage of the proceeding during the whole course of the trial as to the brand of the hose delivered under the contract. The alleged variance was not material, and certainly would not constitute such a fatal variance as to prevent a recovery. The name or brand of the hose might have been stricken from the allegations as an essential fact to prove, under the issues, essential and material in the cause of action without precluding the right to recover for the breach assigned, did not involve and made no reference to the brand or name of the hose, nor was that a question in issue in the case.—*Gulf City Shingle Mfg. Co. v. Boyles,* 129 Ala. 192, 29 South. 800.

The exception to what was said by the court in connection with its statement to the jruy as to the measure of damages to be applied in the event of a finding in favor of the plaintiff is not sought to be supported by a claim that there was any error at all in the court's statement of the rule to govern the jury in measuring the damages; but the claim is that the error was in the court's statement of the reason which it regarded as furnishing a support for that rule. While it was not necessary for the court to undertake to justify the existence of a rule of law given in charge to the jury for its guidance, and while the reasons supporting the rule may not have been fully and correctly disclosed by the explanatory statement of the court, which, by its mention of a result that might ensue from such a transac-

tion as the one under consideration in the case at bar, perhaps was intended to illustrate the evil consequences that might result in such a case from the recognition of a different rule, yet, as it plainly appears that the jury was correctly instructed as to the measure of damages to be applied by them, we cannot conclude that the defendant could have been so prejudiced as to entitle it to a reversal by the court's attempt to suggest the reason for the existence of the rule stated in the instruction given. The most that can be said against the expression complained of is that it may have been misleading or have had a tendency to divert or distract the attention of the jury from their duty of applying the rule for measuring the damages which had been correctly stated to them. If the remarks in question were chargeable with such an infirmity, the defendant was entitled to seek its correction by asking a countercharge. When a part of an oral charge is misleading only and could have been corrected by a countercharge, the court will not be placed in error for giving it.—*Rutledge v. Rowland,* 161 Ala. 114, 49 South. 461. Giving a charge that is misleading only is not reversible error; the duty rests on the other party to ask an explanatory charge.— *Torbert v. McFarland,* 172 Ala. 117, 55 South. 311; *Council v. Mayhew,* 172 Ala. 295, 55 South. 314; *Ala. C. C. & I. Co. v. Heald,* 171 Ala. 263, 55 South. 181. "The fact that a charge has misleading tendency will not render the giving of it error unless it clearly appears that the jury was misled by it to the prejudice of the party against whom it was given.—*Vandiver v. Waller,* 143 Ala. 411, 39 South. 136." 6 Mayfield's Dig. p. 110, § 148.

An illustration given by the court applicable to the evidence falls within the authority of the court in charging the jury.—*Piquett v. Welling-Wild Coal Co.,*

[Borden & Co. v. Vinegar Bend Lumber Company.]

200 Mass. 470, 86 N. E. 899. Even if the reason or illustration be deemed inapt, it was only misleading and would not work a reversal.

The rulings of the trial court are free from reversible error, and the case will be affirmed.

Affirmed.

THOMAS, J., dissenting on the conclusion reached and what is said in reference to the court's oral charge because of the evidence offered in support of the plea of the general issue.