## WADE McHENRY LUMBER CO. v. FRANK SPANGLER CO.

(Circuit Court of Appeals, Fifth Circuit. March 6, 1916.)

No. 2830.

1. SALES ⚙⟲421—ACTIONS FOR BREACH BY SELLER—INSTRUCTIONS.

In an action for breach of a contract for the sale of lumber, where there was evidence tending to prove that, after plaintiff was informed that defendant would not comply with the contract, plaintiff could have secured from other parties the lumber required to fill the contract within the time stated in the contract for less than the lumber would have cost if the contract had been performed, the court erred in refusing to charge that, if such was the fact, then plaintiff suffered no legal damage, and could recover only nominal damages.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1203; Dec. Dig. ⚙⟲421.]

2. SALES ⚙⟲418(7)—BREACH BY SELLER—MEASURE OF DAMAGES.

A seller's refusal to carry out a contract for the sale of lumber entitled the buyer to obtain from other sources such lumber as the seller should have furnished, and to charge the seller with such damages only as with reasonable endeavors and expense it could not prevent in obtaining the lumber.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1188; Dec. Dig. ⚙⟲418(7).]

3. SALES ⚙⟲418(7)—BREACH BY SELLER—MEASURE OF DAMAGES.

Where a contract for the sale of lumber did not call for lumber of special grades, such as the buyer accepted orders for, the cost to the buyer of making purchases to fill such orders did not properly enter into the estimation of the damages to be awarded for the seller's breach, if by the exercise of reasonable diligence the buyer could have obtained such lumber as was called for by the contract.

[Ed. Note.—For other cases see Sales, Cent. Dig. § 1188; Dec. Dig. § ⚙⟲418(7).]

4. SALES ⚙⟲418(7)—BREACH OF CONTRACT—DAMAGES—DUTY TO MITIGATE.

A buyer was under a duty to avoid or mitigate the loss to which the seller's breach of the contract of sale exposed it.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1188; Dec. Dig. ⚙⟲418(7).]

5. SALES ⚙⟲418(7)—BREACH BY SELLER—MEASURE OF DAMAGES.

If a buyer had an opportunity to obtain in a nearby market lumber required to fill a breached contract of sale, the measure of damages was the difference between the contract price and the cost of obtaining the lumber from another source, including any additional expense incident to making another purchase, as additional cost of transportation, or interest on the purchase price, if required to be paid sooner than under the breached contract; and if this expense was less than the buyer would have been subjected to if the contract had been performed, it was benefited, instead of harmed, by the breach and could recover only nominal damages.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1188; Dec. Dig. ⚙⟲418(7).]

In Error to the District Court of the United States for the Southern District of Mississippi; Henry C. Niles, Judge.

Action by the Frank Spangler Company against the Wade McHenry Lumber Company. Judgment for plaintiff, and defendant brings error. Reversed.

⚙⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John W. Cutrer, of Clarksdale, Miss., for plaintiff in error.
St. John Waddell, of Memphis, Tenn., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. This was an action to recover damages for the alleged breach of a contract, dated November 5, 1910, for the sale of 2,000,000 feet of "one-inch and thicker liquid amber, commercially known as gum," lumber, "No. 2 common and better, log run," to be cut from first-class logs only, none smaller than 18 inches in diameter, to be of standard lengths and manufactured as the purchaser shall direct, and sawed in such manner as to produce the most red and sap box boards 13″ to 18″ wide; "1,500,000 feet to be put on stick by June 1, 1911, and the balance by November 5, 1911." The averments of the declaration were put in issue, but it was conceded in the argument of the case in this court that the alleged breach of the contract by the defendants, the plaintiffs in error here, was established by the evidence.

[1] To show that the defendants' failure to comply with the contract caused damage to the plaintiff, the latter introduced evidence tending to prove that, relying on its estimates of the amounts of different grades of gum lumber it would get under the contract, it accepted orders from customers for specified quantities (in the aggregate considerably less than 2,000,000 feet), of some of those grades of gum lumber, and, to fill some of those orders, had to pay more for the lumber the orders called for than that lumber would have cost it if the defendants had complied with their contract, and that, in consequence of its inability to buy from others the particular lumber called for by one or more of those orders, it had to pay damages to the parties to whom it was so obligated. There was evidence tending to prove that after the plaintiff was informed that the defendants would not comply with the contract the plaintiff could have secured from another or others the lumber required to fill the contract, and within the time stated in the contract, for less than the lumber would have cost it if the contract had been complied with. This state of the evidence called for some instruction by the court to the jury as to the rule to be applied by them in ascertaining the amount of damages to be awarded to the plaintiff. The charge which the court gave did not inform the jury how the damages should be measured or ascertained. The evidence as above summarized was such that, in the absence of instruction from the court as to a rule to be followed in determining the amount of damages, it was open to the jury to allow, as the whole or a part of the damages awarded, the amount found to have been paid by the plaintiff to its customers in consequence of their accepted orders for special grades of lumber not being filled, and what it cost the plaintiff to fill other such orders in excess of what that cost would have been if defendants had complied with the contract.

[2-5] An exception was duly reserved to the refusal of the court to give the following special instruction requested by the defendants:

"The court charges the jury that, if they believe from the evidence that the plaintiff could have obtained the lumber to fill the contract at any near or available market, at a less price or at a price equal to that named in the contract within the time mentioned therein, then the plaintiff has suffered no legal damage, and the jury in that event will not return a verdict for anything but nominal damages—which means $1, or some such small sum."

It is to be observed that the contract which the defendants breached called, not for gum lumber of special grades, such as the plaintiff accepted its customers' orders for, but for 2,000,000 feet of gum lumber, of whatever grade within the description "No. 2 common and better, log run," might be produced in sawing, in the way which the contract specified, the kind of timber described in the contract. Each of the purchases the plaintiff made, and also the one it unsuccessfully tried to make, to enable it to fill orders it had accepted for particular grades of lumber, was in material respects different from its purchase from the defendants of 2,000,000 feet of gum lumber, "No. 2 common and better, log run." The refusal of the defendants to carry out their contract entitled the plaintiff to obtain from another source such lumber as the defendants ought to have furnished, and to charge them with such damages only as, with reasonable endeavors and expense, it could not prevent in so obtaining that lumber. What it may have cost the plaintiff to make purchases entirely different from the one evidenced by the breached contract does not properly enter into the estimation of the damages to be awarded, if by the exercise of reasonable diligence the plaintiff could have obtained the lumber as called for by the contract. The plaintiff was under a duty to avoid or mitigate the loss to which the defendants' breach of the contract exposed it. If, as there was evidence tending to prove, the plaintiff was afforded the opportunity of obtaining in a nearby market the lumber as required to fill the breached contract, the proper measure of recoverable damages is the difference between the contract price and the cost to the plaintiff of so obtaining the lumber from another source, including in such cost any additional expenses incident to making another purchase, as, for instance, added cost of transportation, or interest on the amount of the purchase price if required to be paid sooner than the breached contract called for. Grand Tower Company v. Phillips, 23 Wall. 471, 23 L. Ed. 71; Lawrence v. Porter, 63 Fed. 62, 11 C. C. A. 27, 26 L. R. A. 167; Borden & Co. v. Vinegar Bend Lumber Co., 7 Ala. App. 333, 62 South. 245. And if the expense of so obtaining from another source the lumber as called for by the contract was less than the plaintiff would have been subjected to if the contract had been complied with, it was benefited, instead of being harmed, by the breach complained of. In that event, while the breach of the contract entitled the plaintiff to a verdict in its favor, only nominal damages were allowable.

The conclusion is that, as applicable to the evidence in the case, the requested charge above set out was a proper one, and that the court erred in refusing to give it.

The judgment is reversed.