### ECHOLS v. SNIDER et al. (8 Div. 945.)

(Court of Appeals of Alabama. Nov. 14, 1922.)

**1. Contracts ⬅153—Doubtful language construed to support rather than defeat instrument.**

Doubtful language should be so construed as to support rather than defeat the instrument if it can fairly be done.

**2. Contracts ⬅143—Whole of contract construed together if it appears ambiguous.**

In passing on an instrument the whole should be construed together, along with the circumstances attending its execution, if the contract appears ambiguous.

**3. Chattel mortgages ⬅41—Retention of title note after striking meaningless phrases held admissible along with facts and circumstances surrounding transaction.**

Where, by striking from retention of title note certain ambiguous phrases, there was left a promise to pay plaintiff $387.50, for value received in one pair of mules, reserving title to plaintiff, with possession in defendants till default, the note was admissible in evidence along with facts and circumstances surrounding the transaction to support plaintiff's action in detinue.

Appeal from Circuit Court, Lawrence County; Robert C. Brickell, Judge.

Action in detinue by D. S. Echols against B. W. Snider and B. P. Wallace. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

E. B. Downing, of Moulton, for appellant.

In the construction of a contract, the intent of the parties as expressed by the language used must govern; and this intention must be gathered from the whole agreement. 35 Cyc. 95, 97.

C. M. Sherrod, of Moulton, for appellees.

The instrument is so vague, uncertain, and indefinite as to render it inadmissible for any purpose. 8 Ala. App. 487, 62 South. 537; 77 Ala. 126; 143 Ala. 351, 42 South. 102; 73 Ala. 155; 8 Ala. App. 669, 62 South. 368; 22 Ala. 675.

SAMFORD, J. The whole question involved in this appeal turns upon the proper construction of the following instrument:

"$387.50.      Decatur, Ala., April 15, 1920.

"On or before the 15th day of October, 1920, I or we or either of us, promise to pay to the order of D. S. Echols, of Decatur, Alabama, three hundred eighty-seven and 50/100 dollars with interest at (8%) eight per cent. per annum, from date and payable at Echol's Stable, Decatur, Alabama, for value received in to one pair of gray mare mules, to my entire crop of cotton and corn raised by me and family and hired hands and share croppers in 1920.

"The title and ownership of said property, under this note or any renewal of the same, is paid in full, is reserved by and remains the property of D. S. Echols, but all loss or damage shall be borne by the purchaser in case it be lost, die, or destroyed, injured or otherwise suffer damage before title passes to the purchaser and the possession and use of it until title passes, is granted to the purchaser, as a part of the consideration of this note and upon the further consideration that the maker agree that this note or at? renewal of the same shall remain in full force and effect, notwithstanding any such loss or damage, as though the same had not occurred. In default in the payment of this note in full, or any renewal of the same, said property may be taken by said vendor without being liable to account for any sum or sums paid thereon, and, if not paid, promptly at maturity, those then unpaid shall immediately upon such default, be due and payable at the office of D. S. Echols, at Decatur, Ala. If this note or any renewal of the same is not paid at maturity, the makers, jointly and severally agree to pay all cost and expenses of collecting the same, including an attorney's fee of ten per cent. As to this debt the right to claim any property exempt under the homestead or any other exemptions or state laws, is expressly waived by the makers and indorsers hereof, and they also severally waive demand of payment, protest and notice thereof, and notice of nonpayment. And the makers, indorsers, security or guarantor of this note, severally waive demand, presentment, protest, notice of protest, suit and all other requirements, necessary to hold them, and they agree that time of payment may be extended without notice to them of such extension.                    B. W. Snider.
                                   "B. P. Wallace.

"Due ———.
"Witness: A. C. Aldridge."

Prior possession and ownership of the mules were shown in plaintiff, and detention by defendants at the time of suit and levy was shown by the evidence. It was also shown that, at the time of the delivery of the mules to defendant, the instrument above set out was executed and delivered to plaintiff by defendants.

[1-3] The rule of construction as to written contracts is that doubtful language should be so construed as to support rather than defeat the instrument, if that can be fairly done. Loeb v. Montgomery, 7 Ala. App. 325, 61 South. 642. And, further, in passing upon an instrument, the whole should be construed together, along with the circumstances attending its execution, if the contract appears ambiguous. 3 Michie's Dig. p. 334; par. 109 (2), (3). Now take the contract, strike out·that part of the first paragraph having no meaning to wit: "To my entire crop," etc., to the end of the· sentence, and the clause in the beginning of the second paragraph, "Under this note or any renewal of the same is paid in full," both of which are meaningless, and we have left a promise to pay plaintiff by defendants $387.-50 for value received in one pair of gray mules, the title to said property reserved and remaining the property of D. S. Echols, with possession in defendants until default, and the mules in controversy shown to ·be the mules described in the note. The paper is very crudely drawn, is filled with ambiguous phrases, but, when considered in line 'with the foregoing authorities, was admissible in evidence along with the ·facts and circumstances surrounding the transaction, in sup·port of the plaintiff's case.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.