NEW AMSTERDAM CASUALTY COMPANY *v.* DETROIT
FIDELITY & SURETY COMPANY.

4-2931

Opinion delivered March 27, 1933.

*Buzbee, Pugh & Harrison,* for appellant.

*Horace Chamberlin,* for appellee.

MEHAFFY, J. This action was instituted by appellant to recover from appellee surety company for premiums due upon liability policies issued to the contractor, who had given a bond to the Highway Commission with the appellee as surety on said bond.

The Yellville Construction Company entered into a contract with the State Highway Commission for the construction of approximately twelve miles of grading and drainage on one of the Arkansas highways. On the same day it entered into the contract with the Highway Commission, it made a bond in conformity with act 368 of the Acts of the General Assembly for the year 1929,

said bond being executed by the Yellville Construction Company as principal, and by the Detroit Fidelity & Surety Company as surety. By the terms of the bond, the surety company guaranteed the performance of the contract and guaranteed the payment of all claims for labor, materials, supplies, etc. Under the contract and laws, the Yellville Construction Company was required to enter into contracts for the protection against claims for personal injury or property damage during the prosecution of the work.

The appellant issued two policies known as liability insurance policies, protecting the Construction Company against claims for damages to persons or property sustained during the construction work. These policies were in force during the entire prosecution of the work under the contract with the Highway Commission.

The appellant issued its policies to the construction company for certain premiums. It is alleged that the unpaid premium due on one policy is $2,527.01, and the unpaid premium due on the other policy is $402.65.

The complaint alleges that said policies of insurance were required to be carried by the Construction Company, and that the premiums therefor are within the protection of the bond of the Detroit Fidelity & Surety Company, and that said surety company and construction company are liable to appellant for said sums of money, with interest.

A paragraph of the bond given by the Detroit Fidelity & Surety Company is as follows: "Now, therefore, if the above bounden Yellville Construction Company shall in all things stand and abide by and well and truly observe, do, keep and perform all and singular the terms, covenants, guarantees and agreements in said contract to be observed, kept, done and performed, and each of them, at the time and in the manner and form therein specified, and shall do and perform all the labor and work and shall furnish all the material as specified in said contract and in strict accordance with the terms of said contract and the plans and specifications thereto attached and made a part thereof, and shall indemnify and save harmless said Arkansas State Highway Commission

against any loss or damage whatever kind and character, arising or occasioned by deeds of negligence of said principal, his agents, servants and employees, in the prosecution of the work or by reason of improper safeguards or incomplete protection to the work and shall pay all bills for material, labor and supplies entered into contingent and incident to the construction of said work, and shall complete said work within the time specified in said contract, then this obligation shall be null and void, otherwise to remain in full force and effect.''

The last paragraph in the bond reads as follows: ''Unpaid claims for material, labor and supplies entered into contingent and incident to the construction of said work or used in the course of performance of the work shall have a right of action on this bond, but payments thereon shall be postponed until all claims of the Arkansas State Highway Commission herein have been paid in full.''

The bond mentioned above was given under the provisions of act 368 of the Acts of the General Assembly of 1929. The first section reads as follows: ''That all bonds required by any commission or commissioners or board, or the agent or agents thereof, or any other public officer or officers for the construction of any public buildings, levee, sewer, drain, road, street, highway, bridge or other public buildings or works aforesaid, shall be liable for all claims for labor, material, camp equipment, fuel including oil and gasoline, food for men and feed for animals, labor and material expended in making repairs on machinery or equipment used in connection with the construction of said public buildings or works aforesaid, lumber and material used in making forms and supports and all other supplies or things entering into the construction, or necessary or incident thereto or used in the course of construction of said public buildings or public works; said bonds shall also be liable for rentals on machinery, equipment, mules and horses used in the construction of said public buildings or public works aforesaid, and all persons holding such claims shall have a right of action on said bonds.''

Appellee filed a demurrer alleging that the complaint does not state facts sufficient to constitute a cause

of action against it, because act 368 of the Acts of 1929 of the General Assembly of Arkansas, and the bond referred to in the complaint, do not cover the items sued on. The only question for our consideration is whether the bond covers the items sued on.

The bond sued on is a statutory bond, and such bonds, executed in the form prescribed by the statute, are to be construed, as respects the rights of both principal and surety, as though the law requiring and regulating them were written in them. *Crawford* v. *Ozark Ins. Co.,* 97 Ark. 549, 134 S. W. 951; *Detroit Fid. & Surety Co.* v. *Yaffee Iron & Metal Co., Inc.,* 184 Ark. 1095, 44 S. W. (2d) 1085; *Zellars* v. *National Surety Co.,* 108 S. W. 548; 9 C. J. 34.

In construing this bond the court must construe it as if the law were written into it. It must, however, be construed as a whole, and, as against sureties, there is no implication to be made not clearly embraced within the language used. Sureties are only chargeable according to the terms of the bond. A bond, like other written instruments, should be so construed as to effectuate the reasonable intention of the parties. *Loeb* v. *City of Montgomery,* 7 Ala. App. 325, 61 So. 642; *Savage* v. *Neal,* 151 Tenn. 70, 268 S. W. 375; *Blyth-Fargo Co.* v. *Free,* 46 Utah 233, 148 Pac. 427; *U. S. Fid. & Guaranty Co.* v. *Iowa Tel. Co.,* 174 Iowa 476, 156 N. W. 727.

The law under which the bond sued on was given provides that the sureties shall be liable for all claims for labor, material, camp equipment, fuel including oil and gasoline, food for men and feed for animals, labor and material expended in making repairs on machinery or equipment used in the construction of said public buildings or work aforesaid, lumber and material used in making forms and supports, and all other supplies or things entering into the construction or necessary or incident thereto, or used in the course of construction of said public buildings or public works. The surety is liable on its bond for all the things above mentioned.

Where parties have entered into written agreements with express stipulations, they cannot be extended by implication. The presumption is that, having named

the things as the statute does in this case, those are all the things for which they intended to be bound under the instrument. The surety will not be bound by other things not mentioned. In other words, the surety is bound by the terms of the contract, and its liability cannot be extended by implication unless it was clearly the intention of the parties to the contract.

The bond, when the statute is read into it, does not provide for the payment of premiums to another insurance company.

The judgment is affirmed.