The decision of the Municipal Court is affirmed with costs to plaintiff-appellee.

Jerry V. CARTER, Plaintiff,

v.

SAINT PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant.

Glen R. VAUGHT, Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY and State Farm Mutual Automobile Insurance Company, Defendants.

Bertis ASHCRAFT, Individually and as Executrix of the Estate of Irvin R. Ashcraft, Deceased, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.

No. LR 67 C 76, No. LR 67 C 134, No. PB 67 C 59.

United States District Court
E. D. Arkansas,
Western and Pine Bluff Division.
April 26, 1968.

No. LR 67 C 76:

William R. Bullock, Mobley, Bullock & Harris, Russellville, Ark., for plaintiff.

Alston Jennings, Wright Lindsey & Jennings, Little Rock, Ark., for defendant.

No. LR 67 C 134:

Jack Young, Robinson, Thornton, McCloy & Young, Little Rock, Ark., for plaintiff.

Ted Boswell, Cockrill, Laser, McGehee, Sharp & Boswell, Little Rock, Ark., for defendants.

No. PB 67 C 59:

Edward M. Owens, John Harris Jones, Pine Bluff, Ark., for plaintiff.

R. A. Eilbott, Jr., Reinberger, Eilbott, Smith & Staten, Pine Bluff, Ark., for defendant.

### MEMORANDUM OPINION

YOUNG, District Judge.

These three cases involve the construction and legality of clauses which restrict or reduce liability of insurance carriers in uninsured motorist provisions of the policies.

In one of the cases the insurance policy excludes by definition from uninsured motorist coverage a certain category of motor vehicles. In the other two cases the insurance policies provide that the insurance companies may deduct from the policy limits any amounts received by the insureds through workmen's compensation payments.

This Court has jurisdiction of these cases by reason of diversity of citizenship and the requisite amounts in controversy.

Because of the related nature of the problems we will discuss all three cases in this opinion. The issues involved have not been considered by the Arkansas Supreme Court.

By Act 464 of 1965 (Ark.Stats.Ann. § 66–4003 [1966 Repl.]), the Arkansas Legislature required that all automobile liability policies issued in this State provide uninsured motorist coverage in stated amounts unless such coverage is rejected by the insured. The statute provides:

"No automobile liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in not less than limits described in section 27 of Act 347 of 1953 [§ 75–1427], as amended, under provisions filed with and approved by the Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage."

The prescribed minimum dollar limits are:

"(N)ot less than $10,000 because of bodily injury to or death of one (1) person in any one (1) accident and subject to said limit for one (1) person, to a limit of not less than $20,000 because of bodily injury to or death of two (2) or more persons in any one (1) accident. * * *"

The policies in each of the three cases with which we are concerned were issued after the effective date of the Legislative Act. They provide the dollar coverage required by the Act but they contain restrictive clauses which we will discuss. In each of the cases the injury to the plaintiff resulted from an automobile collision with an uninsured motorist, and except for these restrictive clauses the full coverage under the policy would be in effect.

## THE EXCLUSION FROM COVERAGE OF AUTOMOBILES OWNED BY GOVERNMENT OR A PUBLIC AGENCY.

In the Vaught case plaintiff was injured in an automobile collision which involved his own automobile and a vehicle owned by the City of North Little Rock which was being driven by Joseph Roberts, an employee of the City.

Plaintiff's policy contained the following provision:

"Definitions—Part 1. * * * but the term 'uninsured automobile' shall not include * * * a land motor vehicle which is owned by the United States of America, Canada, a state, a political subdivision of any such government or any agency of any of the foregoing: * * *."

The City of North Little Rock is clearly a "political subdivision" and if this restriction—through policy definition of an uninsured automobile—is valid, plaintiff Vaught cannot recover. Thus the issue before the Court in the Vaught case is whether the exclusion of the City-owned truck from policy coverage by the definition of "uninsured automobile" is permissible in light of the statutory provisions of the Arkansas Uninsured Motorist Act. Not only is there no precedent on this point found in Arkansas decisions, but neither plaintiff's attorney nor defendants' attorney has cited a case from any jurisdiction upon this precise question. However, there are cases in Arkansas and other jurisdictions dealing with somewhat similar issues which are helpful to the Court.

Several cases have been decided by the Arkansas Supreme Court in connection with the extent of coverage or liability under certain bonds required by statute. In those instances where statutory bonds are required in Arkansas the rule is well settled that in determining the extent of liability, if there is any conflict between the statutes and the bond, the language of the statute is controlling. See: New Amsterdam Casualty Co. v. Detroit Fidelity & Surety Co., 187 Ark. 97, 58 S.W.2d 418; State ex rel. Berry Asphalt Co., et al. v. Western Surety Co., 223 Ark. 344, 266 S.W.2d 835; and Detroit Fidelity & Surety Co. v. Yaffee Iron & Metal Co., Inc., 184 Ark. 1095, 44 S.W.2d 1085.

In the *Yaffee Iron & Metal Co., Inc.,* case the court said:

"The law requiring the bond to be executed to cover liabilities in accordance with the terms of the statute, the principal and surety, even by express terms of the bond, could not limit or restrict their liability by employing or omitting to include therein the terms of the statute."

In two cases arising prior to the enactment of the Arkansas Uninsured Motorist Act the District Court for the Eastern District of Arkansas passed upon the validity of certain restrictive clauses in policies containing uninsured motorist provisions. In both, the court held they were invalid.

In Wortman v. Safeco Insurance Company of America, 227 F.Supp. 468 (1962), this Court held the arbitration provision contained in the policy was void and unenforceable.

In MFA Mutual Insurance Co. v. Lovins, 248 F.Supp. 108, at pp. 111 and 112 (1965), this Court said:

"This Court has little doubt that the Supreme Court of Arkansas would hold that the clause forbidding the injured insured to sue the tortfeasor without the consent of his insurance company, upon penalty of the insured losing his contract coverage is against public policy and void."

After the enactment of the Arkansas Act, in Robey v. Safeco Insurance Company of America, 270 F.Supp. 473 (D.C. Ark.1967), Judge John E. Miller had before him the question of the legal effect of the "other insurance" clauses in two policies issued to plaintiff by Safeco.

The terms of the policies were identical with the exception of the amount of coverage, the description of the vehicles, and the dates of issuance. Both of the policies contained an uninsured motorist provision, and a provision limiting liability where there was "other insurance."

Judge Miller held that:

"The 'other insurance' provisions in the Safeco policies are not applicable with respect to each other. The contention of the defendant that its liability should be pro-rated between the two policies is invalid.

\*   \*   \*   \*   \*   \*

"The liability of defendant was $10,000 under each policy.

\*   \*   \*   \*   \*   \*

"The effect of the issuance of the second policy \* \* \* which also contained the uninsured motorist clauses was to provide Robey coverage of $20,-000/$40,000 for uninsured motorist protection."

In his opinion Judge Miller cited a number of supporting cases from other jurisdictions, including Bryant v. State Farm Mutual Automobile Ins. Co., 205 Va. 897, 140 S.E.2d 817 (1965); and Sellers v. United States Fidelity & Guaranty Co. (Fla.1966), 185 So.2d 689. The pertinent portions of both statutes were quoted indicating that they were "practically identical" with the Arkansas Uninsured Motorist Statute.

In Sellers v. United States Fidelity & Guaranty Co., supra, the Supreme Court of Florida held that the "other insurance" provision was in conflict with the requirements of the statute and therefore of no effect.

In Bryant v. State Farm Mutual Automobile Ins. Co., supra, the Virginia Supreme Court, in holding the "other insurance" clause invalid, said:

"But Part 4, Section Six \* \* \* undertakes to limit and qualify the provision of the statute. It undertakes to pay the insured not 'all sums which he shall be legally entitled to recover as damages,' as the statute commands, but only such sum as exceeds 'any other similar insurance available' to him; i. e., the amount by which the applicable limit of the policy 'exceeds the sum of the applicable limits of all such other insurance.' Clearly this provision places a limitation upon the requirement of the statute and conflicts with the plain terms of the statute. It is therefore illegal and of no effect."

Accordingly, Judge Miller held in the *Robey* case that the legislative intent as expressed in the Uninsured Motorist Act required the insurer to give $10,000/$20,-000 coverage on each policy issued to the insured regardless of the "other insurance" provisions found in the two Safeco policies issued to Robey.

The doctrine of the *Bryant* case, supra, that the "other insurance" clause places a "limitation upon the requirement of the statute" and therefore is "illegal and of no effect" was followed in White v. Nationwide Mutual Insurance Company, 361 F.2d 785 (4 Cir. 1966). The Court of Appeals stated:

"We find the interpretation of the intent of the uninsured motorist statute contained in Bryant v. State Farm \* \* \* to be controlling."

The Supreme Court of California in Mission Insurance Company v. Brown, 63 Cal.2d 508, 47 Cal.Rptr. 363, 407 P. 2d 275 (1965), held that an endorsement limiting uninsured motorist coverage to accidents within the United States and Canada was void as contrary to public policy where liability policy extended coverage while insured's automobile was being used in Mexico.

"The Legislature, by providing that the liability imposed by the statute can be avoided only by means of an

agreement in writing, signed by the insurer and the insured, deleting the provision for uninsured motorist coverage, clearly showed an intent that there be no 'fine print', unilateral waiver or limitation of the requirement.

"Accordingly, the territorial limitation contained in the insurance policy involved in the present case is void, because it is contrary to public policy.

\* \* \* \* \* \*

"The statute clearly does not contemplate a piecemeal whittling away of liability, either territorially or under certain driving conditions, for injuries caused by uninsured motorists."

The Arkansas statute requires coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles \* \* \*." Under existing Arkansas law it is true that the plaintiff had no cause of action against the City of North Little Rock, the owner of the vehicle, but the plaintiff did have a cause of action against the operator of the uninsured vehicle, Joseph Roberts. To give effect to the exclusion in the policy would deprive plaintiff of the benefit of the statute, although the collision was with one who is *legally liable,* and one who was *driving an uninsured vehicle* at the time of the accident.

■ The obvious intent of the Legislature in enacting the Uninsured Motorist Act was to provide insurance to policyholders such as plaintiff Vaught against inadequate compensation for injuries in a collision with uninsured motorists' vehicles at least to the extent provided by the statute.

In the cases cited from other jurisdictions the courts have refused to allow limitations contained in the insurance policies to subvert the intent of the state statutes.

There does not appear to be any valid legal reason for the limited definition of "uninsured automobile" contained in plaintiff Vaught's policy. To allow such a special exception from coverage written into the insurance contract would defeat the purpose for which the statute was passed, and the Court finds that the definition contained in Vaught's policy under "DEFINITIONS—PART 1," as discussed herein is void and of no effect.

## REDUCTION OF DOLLAR COVERAGE BECAUSE OF WORKMEN'S COMPENSATION PAYMENTS.

■ We now turn to the two cases involving provisions requiring deduction from the policy limits of any sum received by the insured from workmen's compensation payments.

The provision of the policy in Carter v. St. Paul Fire & Marine Insurance Co. reads as follows:

"6.  Limits of Liability:

\* \* \* \* \* \*

"(b) any amount payable under the terms of this endorsement because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by

\* \* \* \* \* \*

"(2) the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, disability benefits law or any similar law."

*Ashcraft* contains a similar policy provision.

In 1963, before the Arkansas statute was enacted, this Court construed such a clause in an opinion (unpublished) dated July 2, 1964, in Riggs v. Allied Mutual Insurance Company, No. LR–63–C–10.

There was no question raised as to its validity. The issue there was the construction of the clause. The issue here is the validity of such provision in the light of the Arkansas Legislative Act of 1965.

We think the same principles discussed in connection with the *Vaught* case also invalidate these restrictive provisions.

The Oregon Supreme Court struck down a similar provision in an uninsured motorist clause in Peterson v. State Farm Mutual Automobile Ins. Co., 238 Or. 106, 393 P.2d 651 (1964).

That court said:

"We must look, then, to the uninsured motorist act itself to discover the purpose of the law and thus to determine the limits of the Commissioner's authority in this particular case. * * *

"Insurance policy provisions imposing a lesser obligation on the insurer than that required by statute are unenforceable.

"In this case the insurance is required by statute. The statute requires the insurer to assume the obligation to provide coverage for an insured who is legally entitled to recover damages from an uninsured motorist because of injuries or death. The statute requires that the extent of this protection, i. e., limits, be not less than in policies listed as proof of financial responsibility. The Financial Responsibility Act requires limits of $5,000 for injury or death to one person, and $10,000 for injury or death to two or more persons. ORS ch. 486. The legislature did not further describe the coverage of the statute. However, we note that the Financial Responsibility Act, referred to specifically in the uninsured motorist provision, contains no provision regarding the effects of the receipt of workmen's compensation benefits by the injured party.

"The basic purpose of the uninsured motorist provision seems clear. It provides protection for the automobile insurance policyholder against the risk of inadequate compensation for injuries or death caused by the negligence of financially irresponsible motorists.

"If the motorist who injured the plaintiff in this case had been insured, the amount of plaintiff's recovery from that insurer would not have been reduced by the amount of any workmen's compensation benefits received by the plaintiff."

The Oregon statute required that coverage should be provided " * * * under provisions approved by the State Insurance Commissioner * * *." The Arkansas statute contains similar language. In *Peterson* it was agreed that the provision involved had been approved by the Insurance Commissioner. In our cases here counsel for defendants in their briefs have asserted that these policies likewise have been filed and approved by the State Insurance Commissioner, and for the purpose of this opinion we will assume that to be true.

On this point the Oregon court said:

"The Commissioner's decision goes beyond the mere approval of the language of forms drafted to accomplish the basic legislative purpose of the uninsured motorist statute. In so doing, the Commissioner has acted beyond the scope of his authority, and the provision of the insurance policy in question is void.

* * * * * *

" * * * the act does not grant the Commissioner the authority to approve policy provisions reducing the insurer's liability by the amount paid the insured as workmen's compensation benefits."

The same result was reached in Florida in Southeast Title and Insurance Company v. Austin, 202 So.2d 179 (1967), where policy clauses requiring a reduction in the uninsured motorist coverage by the amounts paid through workmen's compensation payments were invalidated. The court said:

" * * * the statutory limitations control and become a part of contracts subject to their terms. To the extent, therefore, that the appellant's policy purports to reduce liability for any loss within the statutory minimum required coverage, it is ineffective and there did not come into existence any contractual obligation subject to impairment. The legislative prescription

of a minimum 'coverage' obviously contemplates an *effective* coverage for losses up to the specified amount, the express statutory intent being to provide that protection to exactly the same extent that a policyholder is 'legally entitled to recover damages' from a third party uninsured owner, no more, no less."

In Standard Accident Insurance Company v. Gavin, 184 So.2d 229 (Fla.App. 1966), writ dismissed, 196 So.2d 440 (Fla.1967), the Florida Court said in reference to a similar clause:

" * * * that certain provisions of the insurance policy, if given effect, would reduce the minimum benefits below that required by the provisions of Section 627.0851(1), Florida Statutes, F.S.A. Such policy provisions being in conflict with and repugnant to the requirements of the statutory law, the insurance policy would be construed and applied as if such limiting conditions were not contained therein."

We are aware of contrary authorities. Allen v. United States Fidelity & Guaranty Co., La.App., 188 So.2d 741.

The Court of Appeals of New York in a per curiam opinion affirmed such a restrictive provision in Durant v. Motor Vehicle Accident Indem. Corp., 15 N.Y. 2d 408, 260 N.Y.S.2d 1, 207 N.E.2d 600 (1965). In that case Chief Judge Desmond wrote a strong dissenting opinion in which he said:

"Everyone who has written on the subject has stated or assumed that the statutory purpose was to afford to the injured person the same protection as he would have were his tort-feasor covered by the compulsory $10,000 automobile liability policy. (Citations omitted.) Despite all this, the automobile liability insurance policy rider as written announced that any amount payable thereunder should be reduced by amounts received by the injured person and workmen's compensation benefits. Not only is there nothing in the statute to authorize such a limitation but it defeats the legislative intent of full coverage up to $10,000. It attempts to require deduction of workmen's compensation moneys even though there is no such deduction under a standard automobile liability policy, to the coverage of which this MVAIC coverage is intended to be equal.

\* \* \* \* \* \*

"MVAIC and the Superintendent of Insurance must be held to have acted illegally when the former adopted and the latter approved a policy rider permitting the $10,000 limit to be cut down by deduction of compensation payments."

### CONCLUSION.

Summing up, we are of the opinion that if provisions such as those involved in these three cases are held to be valid the purpose of the Arkansas statute, which is to provide a basic minimum coverage against the actions of financially irresponsible motorists, would be frustrated. This basic coverage may not be abrogated nor diminished by the "small print" in an insurance contract.

Appropriate orders will be issued in these cases in accordance with this opinion.