UNITED STATES FIDELITY AND GUARANTY COMPANY *v.* LITTLE ROCK QUARRY COMPANY, INC.

91-356                                            830 S.W.2d 362

Supreme Court of Arkansas
Opinion delivered May 4, 1992

*Kemp, Duckett, Hopkins, & Spradley*, by: *Donald K. Campbell, III*, and *Randolph B. Hopkins, P.A.*, for appellants.

*Dodds, Kidd, Ryan & Moore*, by: *Robert T. James*, for appellee.

DONALD L. CORBIN, Justice. The question presented in this case is whether the trial court applied the correct statute of limitations to an action against the appellant surety company on a construction bond issued to the Arkansas State Highway Commission.

Lamar Haddox, a now insolvent contractor, contracted with the Highway Commission to perform a construction project. The contract included a contract bond that Haddox executed with appellant United States Fidelity and Guaranty Company (USF&G). Final payment on the construction contract was made on December 12, 1989.

This suit arose when Haddox defaulted on his $29,091.18 debt to appellee Little Rock Quarry Company, which had supplied the project with road materials. The company filed this action on June 29, 1990, and appellant moved to dismiss contending that appellee's suit was barred by the six month statute of limitations set out in Ark. Code Ann. § 22-9-403 (1987), the statute governing actions on public works contract bonds. The trial court denied appellant's motion to dismiss, finding that the contract bond provided broader coverage than that required by

the statute governing bonds for public works and was therefore a common law bond not subject to the six month statute of limitations set out in section 22-9-403(b). The court awarded judgment to appellee in the amount of the unpaid balance for the furnished road materials, plus a statutory penalty and attorneys' fees. On appeal, the sole question is whether the trial court correctly decided the statute of limitations issue. We affirm.

The "condition" of the bond at issue contains the following language:

> NOW, THEREFORE, if the above bounden Lamar Haddox Contractor, Inc. . . . *shall indemnify and save harmless* said Arkansas State Highway Commission *against any loss or damage of whatever kind and character, arising or occasioned by deeds of negligence* of said principal, his agents, servants, and employees, in the prosecution of the work, or by reason of improper safeguards or incomplete protection to the work and shall pay all bills for materials, labor and supplies entered into contingent and incident to the construction of said work, or used in the course of performance of the work, and shall complete said work within the time specified in said Contract, then this obligation shall be null and void; otherwise to remain in full force and effect. [Emphasis added.]

We have consistently distinguished common law bonds and statutory bonds based on the obligations assumed by the bond. *City of Hot Springs v. National Surety Co.*, 258 Ark. 1009, 531 S.W.2d 8 (1975); *State, ex rel. Berry Asphalt Co. v. Western Surety Co.*, 223 Ark. 344, 266 S.W.2d 835 (1954). The rule is that a bond is a common law bond to which the ordinary statute of limitations applies if the bond affords greater protection than that which is required under the statute. *Id* Accordingly, we must determine whether the bond in the present case provides broader coverage than that required under Ark. Code Ann. § 22-9-401 (1987), the statute setting out the required liability coverage for contract bonds on public works. This statute provides that all surety bonds required by the state agencies for the construction of public works "shall be liable on all claims for *labor and materials*[.]" (Emphasis added.)

■ As the bond liability required by this statute is limited to claims for labor and materials, we agree with the trial court that the bond's coverage for claims of negligence provided broader coverage than that mandated under section 22-9-401. While section 22-9-401(b) contains considerable language defining the scope of claims for labor and materials, the statute cannot be reasonably interpreted to require protection for claims based on negligence. The trial court was therefore correct in finding that the bond is a common law bond not governed by the six month statute of limitations set out in section 22-9-403.

Appellant relies on two sub-arguments in urging us to hold that the bond at issue is a statutory bond. We are unpersuaded by these arguments because neither is relevant for purposes of determining the applicable statute of limitations to the bond at issue.

Appellant relies primarily on the language used by this court in *New Amsterdam Casualty Co.* v. *Detroit Fidelity & Surety Co.*, 187 Ark. 97, 58 S.W.2d 418 (1933). In that case, the appellant insurance company brought an action against the surety company to recover for unpaid premiums on the contractor's liability policies. The language of the bond at issue was strikingly similar to the bond language in this case, and the court held that neither the bond nor the applicable statute guaranteed coverage for unpaid insurance premiums. In so holding, the court stated that "[t]he bond sued on is a statutory bond, and such bonds, executed in the form prescribed by the statute, are to be construed, . . . as though the law requiring and regulating them were written in them." *Id.* at 100, 58 S.W.2d at 419. Appellant relies on this language in urging us to hold that the bond at issue is a statutory bond governed by the six month statute of limitations.

We are unimpressed with appellant's argument. At issue in the *New Amsterdam* case, *supra*, was whether the statute governing public works contract bonds required coverage for a type of claim that was not enumerated in the bond. In that case, the term "statutory bond" was employed to explain that the bond must be interpreted to conform with the requirements of its governing statute even if the bond's language does not enumerate the protection required by statute. In that sense, every public works bond is a "statutory bond" as section 22-9-403(a) explic-

itly states that "[t]he liability imposed by § 22-9-401 . . . shall be deemed an integral part of the bond, *whether or not the liability is explicitly set out or assumed therein.*" (Emphasis added.)

We believe the issue in the more recent case of *Berry Asphalt, supra,* is more analogous to the issue in this case as the issue posed in *Berry Asphalt* was whether the statutory six month statute of limitations governed an action on a bond that we determined provided broader coverage than that mandated by statute. We are also unpersuaded by appellant's attempt to distinguish *Berry Asphalt,* and reaffirm the holding in that case that such bonds are governed by the common law statute of limitations.

Appellant also relies on Ark. Code Ann. § 27-65-131 (1987) in urging us to hold that the bond at issue is strictly a statutory bond. Subsection (b) of that statute authorizes the Highway Commission to condition its bonds as it "may require." Appellant argues that because the form of the bond at issue is identical to the Highway Commission's exemplary proposal form for contract bonds, the bond's coverage is not broader than that required by section 27-65-131.

We disagree with this argument for two reasons. First, the bond liability imposed by section 27-65-131(b) is limited to "liability for material, labor, supplies, and expenses used in or incidental to the work, including that which may become due to subcontractors[.]" We find no suggestion in this statutory language that the legislature intended to require highway bonds to provide the extent of coverage afforded in the bond at issue. Rather, the only statutory requirement imposed by section 27-65-131 is that bonds furnished to the Highway Commission assume liability for the claims of laborers and materialmen. As we have already determined that the bond protection extended in the present case exceeded these requirements, we are unswayed by appellant's argument.

Furthermore, we do not see the relevance of section 27-65-131 since section 22-9-403 restricts applicability of the six month statute of limitations to bonds limiting coverage to the requirements of section 22-9-401. Section 22-9-403 is captioned "STATUTORY LIABILITY AS INTEGRAL PART OF BOND — LIMITATION OF ACTION." Subsection (a) pro-

vides that "*[t]he liability imposed by § 22-9-401* . . . shall be deemed an integral part of the bond, . . ." while subsection (b) provides that "[n]o action shall be brought on a bond after six (6) months from the date the final payment is made on the contract[.]" (Emphasis added.) Thus, the qualified introductory clause of subsection (a) indicates the legislature's intent to limit the six month statute of limitations to bonds affording protection against claims for labor and materials—the minimum coverage mandated by section 22-9-401. As the bond in this case afforded protection beyond that required under section 22-9-401, we find no merit to appellant's statute of limitation argument and affirm the judgment of the trial court.