## MERCHANTS BONDING COMPANY *v.*
### Imo Rebecca Lynn STARKEY

98-118 987 S.W.2d 717

Supreme Court of Arkansas
Opinion delivered April 15, 1999

*William G. Bullock*, for appellant.

*McKenzie, McRae, Vasser & Barber*, by: *James H. McKenzie*, for appellee.

W H. "DUB" ARNOLD, Chief Justice. This is a case involving two guardianships, the assets of which were eventually combined. The first guardianship was opened in Miller County, Arkansas, on January 30, 1989. The ward was Rebecca Lynn Starkey, an incompetent person. Barbara A. Kennedy was appointed guardian of the person and the estate of Ms. Starkey. She posted a $5,000.00 bond in order to qualify.

The second guardianship was opened in El Paso County, Texas, on June 19, 1989. Ms. Starkey being the ward, Ms. Kennedy was again appointed as guardian, as she represented that she was already serving as guardian of the ward's person and estate in Arkansas. Before she qualified as guardian in the Texas guardianship proceeding, Ms. Kennedy was required to post a bond in the sum of $50,000.00. The bond was filed by Kennedy as principal

and Merchants Bonding Company, appellant, as surety, in the County Court of El Paso County, Texas, conditioned that the guardian shall well and truly perform all the duties required of her by law.

The Texas guardianship was transferred in May of 1990 by order of the County Court of El Paso County, Texas, to Bowie County, Texas. It is undisputed that the $50,000.00 Bond of Guardian followed the guardianship to Bowie County, Texas. On October 19, 1990, Kennedy, as guardian, filed an application in the County Court of Bowie County, Texas, requesting transfer of guardianship assets deposited in the Texarkana National Bank, Texarkana, Texas, to the Arkansas guardianship. On October 24, 1990, the County Court of Bowie County, Texas, granted the request and ordered the assets of the ward's estate held in Texarkana National Bank to be transferred to the Miller County, Arkansas, guardianship.

A hearing was held in the guardianship by the Miller County, Arkansas, Probate Court on October 1, 1996, to review Kennedy's conduct in her capacity as guardian of Starkey. Pursuant to that hearing, a judgment was entered against Kennedy in the amount of $321,000.00 because of her failure to account and for her mismanagement of the guardianship estate. Appellee Citizens National Bank of Hope was subsequently appointed successor guardian of the estate of Starkey.

The Miller County, Arkansas, Probate Court further ordered that the $5,000.00 bond Kennedy had posted to qualify to act as guardian in the Arkansas proceeding be forfeited. The court then issued an order that appellant Merchants Bonding Company show cause why its $50,000.00 bond, issued in connection with the Texas guardianship proceeding, should not be forfeited. Hearings were held on the Merchants' bond issue, and on October 8, 1997, the court rendered judgment against Merchants in the sum of $50,000.00 plus interest. It is from that order appellant brings this appeal.

Appellant asserts six points on appeal:

1) The trial court erred in assuming and exercising subject-matter jurisdiction over the bond issued by Merchants Bonding Company in Connection with the Texas guardianship;

2) The enforcement of Merchants Bonding Company's bond in this proceeding constitutes a denial of, and a taking of Merchants' property without due process of law;

3) The enforcement of Merchants Bonding Company's bond in this proceeding constitutes a denial to Merchants of privileges and immunities guaranteed to Merchants in violation of the United States Constitution;

4) The trial court erred in construing the bond in such a manner as to be enforceable outside the state of Texas;

5) The trial court erred in construing the bond in such a manner as to indemnify against conduct of the principal in a capacity other than the capacity as to which the undertaking was made;

6) The trial court's finding that there were acts of malfeasance in Bowie County, Texas, is not supported by substantial evidence.

We agree with appellant that the trial court erred in assuming and exercising subject-matter jurisdiction over the bond issued by Merchants Bonding Company in connection with the Texas guardianship and reverse on this ground. Because we are reversing this case on this ground, appellant's remaining points on appeal need not be addressed.

 This Court has held that a bond must be construed as if the law were written into it; it must be construed as a whole, and that as against sureties, there is no implication to be made not clearly embraced within the language used. Sureties are only chargeable according to the terms of the bond. A bond should be construed to effectuate the reasonable intention of the parties. *New Amsterdam Cas. Co. v. Detroit Fidelity & Sur. Co.*, 187 Ark. 97, 58 S.W.2d 418 (1933). The bond states as follows:

That we, Barbara A. Kennedy, as Principal, and the MER-
CHANTS BONDING CO. (Mutual), a corporation duly
licensed to do business in the State of Texas, as Surety, are held
and firmly bound unto the county Judge of El Paso County, and
his successors in office, in the sum of Fifty Thousand ($50,000)
DOLLARS, conditioned that the above bounden Principal who
has been appointed Guardian of the Person and Estate of
Rebecca Lynn Starkey, an Incompetent Person, Ward, shall well
and truly perform all the duties required of him [*sic*] by law
under said appointment.

Nothing in the bond indicates that the parties creating it contem-
plated that the bond would be payable in any state but Texas.

██ ██ Appellees argue that the purpose of a guardian's
bond is to preserve the estate of the ward and that said purpose is
the same, whether it is in Texas or Arkansas. We have acknowl-
edged that preservation of the estate of the ward is indeed the
purpose of a guardian's bond. *Bennett v. McGough*, 281 Ark. 414,
664 S.W.2d 476 (1984). However, Tex. Rev. Civ. Stat. Ann. Ins.
Art. 7.01 (1980) provides that if any suit is instituted on any bond
or obligation of an insurance company licensed in the state and
having authority to act as surety and guarantor of a guardian, "the
proper court of the county wherein said bond is filed shall have
jurisdiction of said cause." This requirement has been strictly
applied, with the court finding that if venue lies in one jurisdic-
tion, it cannot lie elsewhere. *Walker v. State*, 251 S.W.2d 547
(Tex. App. 1952).

██ ██ In the case at bar, the proper jurisdiction for a suit
instituted on the bond given in Texas would be in the County
Court of Bowie County, Texas, as that is where the El Paso
County Judge transferred the case. Under article 7.01, as well as
*Walker*, this would mean that *only* the County Court of Bowie
County, Texas, would have jurisdiction and that no Arkansas
court could claim jurisdiction over the subject matter of the bond.
It is stated in 12 AM. JUR. 2d, *Bonds* § 34 (1997) that "[w]here
suit is brought on a bond given pursuant to the statutes of another
state, the performance of or compliance with the conditions

imposed by the statute of such other state is a prerequisite to maintenance of the action." Therefore, the laws of Texas requiring that suit be brought only where the bond was issued would govern to prohibit the enforcement of the bond in Arkansas.

The actual language of the bond supports this outcome. The bond states that Kennedy and Merchants are "held and firmly bound unto the County Judge of El Paso County, and his successors in office." This language indicates that only the El Paso County Judge or his successors in office could find Kennedy or Merchants liable on the bond. As an Arkansas court would not be a successor in office to a Texas court, the Arkansas court would be without jurisdiction to enforce it.

■ ■ Furthermore, because this Court construes bonds as if the law were written into them and will not make implications against sureties not clearly embraced within the language used, *New Amsterdam Cas. Co.*, 187 Ark. at 100, 58 S.W.2d at 419, this Court should read the language of the bond as if the laws of Texas in effect at the time the bond was created were written into it and should not make implications not clearly embraced in that language. Reading the bond in this manner leads this Court to the conclusion that the bond is not enforceable by an Arkansas court; therefore, the probate court did not have subject-matter jurisdiction, and the matter should be reversed.

Reversed.